## J. K. THORNDIKE vs. ELVIRA THORNDIKE.

A husband instituted a suit against his wife for a divorce. The wife resisted the suit. Upon a proper showing, the husband was ordered to pay the wife a sum of money, to enable her to conduct her defence. Afterwards the husband dismissed his suit. *Held* that in dismissing the action, the Court properly rendered judgment against the husband, for costs and also for reasonable expenses incurred by the wife in preparation for trial of the suit, including counsel fees.

Such expenses are contemplated by the divorce act and may be allowed by the Court in any disposition it may make of the case.

The dismissal of the action, having obviated a trial, this Court reduces the amount of counsel fees allowed by the lower Court, but refuses to review other allowances of costs—peculiarly within the knowledge of that Court.

Appeal from District Court for Lewis County.

Opinion by OLIPHANT, Associate Justice.

This case, though brought up on writ of error, must be treated in the nature of an appeal from the taxation of costs, and allowances to the defendant in error by the Court below, incurred in the necessary preparation of her defence to the allegations set forth in plaintiff's petition, and ultimately dismissed by him without trial or hearing.

For a correct understanding of the matters in controversy before this Court, a statement of the facts is here given as they appear and are derived from the records in the Court below. Two petitions were there filed by the plaintiff for the dissolution of the marriage relation, existing between himself and his wife, Elvira P. Thorndike. The first petition was filed the 6th of June, 1860, but was not farther prosecuted. The second petition was filed the 14th of August, 1860, and the usual notice issued, requiring the defendant to appear at the next term of the Court to answer the complaint. At February term, 1861, the defendant filed her affidavit, setting forth her inability to pay expenses incident to procuring witnesses or the employment of counsel, and other expenses of this suit necessary to ensure to her, an efficient preparation of her case and a fair and impartial trial thereof. The record does not show that any order was made by the Court at this term.

The Judge, on the 4th of March, 1861, at chambers, made an order on the plaintiff for the payment of $200.00 for the purposes prayed for, which order was coupled with a condition relative to the children. The condition not being complied with by the defendant, this order of allowance was virtually revoked. At August term, 1861, on the 18th judicial day of the Court, reciting the affidavit of the defendant at the previous term, to-wit: February term, 1861, praying for an allowance of expenses, etc., as above stated, made an order that the "plaintiff furnish and forthwith pay to the defendant, or her attorney, the sum of two hundred dollars, for the purpose of enabling her to defend this suit. At this stage of the proceedings, plaintiff, by his attorneys, F. A. Chenoweth & S. Garfielde, Esqs., "gave notice that they dismissed this suit." After the dismissal of the suit, and hearing by counsel, the Court enter the following as a fi-

nal judgment: "It appearing that an order of the Court direct-
ing the plaintiff to pay to the defendant two hundred dollars to-
wards her expenses in preparing her defence, has been disregarded
by the plaintiff, the said action is dismissed at the costs of the
plaintiff, and the Court further adjudge that the reasonable ex-
penses and disbursements of the defendant in the action, amount-
ing to $409.80, and further costs and charges on this action taxed
at——dollars, be paid by the plaintiff, and that execution issue
for said expenses and costs." It is this judgment of the Court
that is now the subject of review.

In dismissing this suit of divorce, the plaintiff must take
all the responsibilities of his acts. By his complaint and notice
the defendant was brought into Court at the February term,
1861. Counsel were then employed, and she began to make
preparations for her trial, which was set for the August term,
1861, and to meet and resist before that tribunal, that was to
pass upon her case, the allegations of whatever kind preferred
against her by her former "liege lord."

Before the suit was dismissed counsel had been employed
and services rendered by them—witnesses were subpenaed and
attended, and commissions to take testimony of witnesses resid-
ing out of the Territory were issued by the Court having juris-
diction of the cause. It may therefore be justly considered
that all the liabilities contemplated by the statute had been in-
curred "pending the divorce."

If a wife, *pendente lite*, be entitled to alimony and to a
reasonable allowance to enable her to defend her suit, as has been
decided in New Jersey, 2 Halstead's Chan. Rep., 27, this Court
can see no good reason why she may not be allowed for expenses
pending a divorce. It would take a very fine sight to draw the
distinction. The reasonable expenses and allowances to be made
for the benefit of the wife, is by virtue of the 7th Section of the
"Act relative to divorce and alimony." This is a liberal statute
and must be liberally construed. It has been fashioned after
and its provisions and principles drawn from the laws of other
States. The statute not only contemplates, but in spirit, and
almost in terms, directs that, let the action terminate as it may,

23

no matter whether the wife stands in the attitude of plaintiff or defendant, whether she be successful or unsuccessful, whether the divorce be granted or refused, the husband, if of sufficient ability, must bear the expenses imposed upon him by the Court.

The dismissing of the divorce is such a termination of the suit as brings it within the spirit of the act, and to give it any other construction would contravene its liberal provisions. With the position of the parties, their relative standing in society, the guilt or innocence of the defendant, this Court is happily relieved, as they are exclusively with the District Court. So far then as this case is concerned, it is narrowed down to one of dollars and cents.

When the Court made the order of the 18th of August, 1861, for $200 to be paid to counsel of the defendant, it must have been intended to cover the past, present and prospective services. As the counsel were relieved from the prospective services of trying the case, the sum of fifty dollars must be deducted from the amount allowed by the Court. When the Court allowed the "reasonable expenses of the wife in defense of the petition," the learned Judge must have considered the act of the plaintiff, in dismissing his suit, tantamount to the "granting or refusing" the divorce. In this there was no error. While the statute gives the Court power to enforce its orders in cases like the present, by the summary mode of attachment, it does not take away or annul the process by execution. The District Court adopted the milder instead of the more stringent and summary remedy, and of this the plaintiff has no cause to complain.

As to defendant's traveling expenses and disbursements, the same rule is applied as was adopted by the Supreme Court of Washington Territory in Madison *v.* Madison, relative to fees of counsel. The District Court where the proceedings were had, with its knowledge of the residence of the parties and the facts connected with the case, "were more competent to judge of their correctness that this Court." That Court had, also, as its guide, the affidavit of the defendant as to the correctness of the bill in this respect, to-wit: her *expenses* and *disbursements.*

It is objected by plaintiff that counsel fees and other charges in defendant's bill are not costs. The Territorial statute uses the term "expenses," for the payment of which allowances are to be made and enforced by the Court, as will ensure "to the wife an efficient preparation of her case and an impartial trial thereof." In 18 Kentucky Reports, page 518, which was a divorce case, and decided upon a statute kindred to our own, it is expressly ruled that the husband is liable for a reasonable fee to the wife's counsel as a part of the costs of suit. Ballard *v*. Caperton, *et al.*, 2d Metcalf's Reports, 412, is to the same effect, and affirms Williams *v*. Monroe, 18 Kentucky Reports, 518. Both cases are decisive of the principle that the husband is liable for the ordinary, as well as extraordinary costs of the wife, and that the counsel fees in suits for alimony or divorce are part of the costs.

Circumstanced as is this case, it has received due and merited consideration from the Court, and with the exception of the $50 herein stated, the judgment of the District Court is affirmed.