[No. 35146. Department Two. April 7, 1960.]

PATRICIA ANN HARGREAVES, *Respondent*, v. TERRENCE B. HARGREAVES, *Respondent*, THE STATE OF WASHINGTON *by Charles O. Carroll, Appellant*.[1]

*Charles O. Carroll, Eugene F. Hooper, Lynwood W. Fix, James S. Kempton*, and *Norman W. Quinn*, for appellant.

*Rummens, Griffin, Short & Cressman* and *Wright & Wright*, for respondents.

HILL, QUAERE: May a nonresident plaintiff secure a divorce in the state of Washington, where the resident defendant appears and asks for a divorce on a cross-complaint?

ANSWER: No. Under our statute the courts of this state have no jurisdiction in a divorce action not commenced by a resident of the state. (An analysis of the statute and the cases appears in another portion of this opinion.)

CIRCUMSTANCES WHICH RAISE THE QUESTION: The plaintiff, a nonresident of the state of Washington (apparently a resident of the Province of British Columbia where divorces are more difficult to come by), brought an action for divorce in King county, Washington; the complaint being filed October 16, 1958.

[1]Reported in 350 P. (2d) 867.

The defendant, who was a resident of King county and had been a resident of the state for more than a year, filed an answer and cross-complaint on February 25, 1959. The case was heard on March 3, 1959, six days later. The defendant was denied a divorce on his cross-complaint, and the plaintiff awarded a divorce.

The trial court made no finding that the plaintiff was a resident of this state. The jurisdiction of the court and the validity of the decree must rest squarely upon the finding that the defendant, who answered and cross-complained, had been a resident of King county, state of Washington, for more than a year prior to the commencement of the action.

Charles O. Carroll, the prosecuting attorney for King county, has appealed; and both the plaintiff and the defendant appear as respondents in support of the judgment entered. His right to appeal is not questioned.

THE STATUTE AND THE CASES: Divorce is a purely statutory proceeding. *Arneson v. Arneson* (1951), 38 Wn. (2d) 99, 227 P. (2d) 1016. The statute provides (RCW 26.08.030):

"Residence required. Any person who has been a resident of the state for one year may file his or her complaint for a divorce under oath, in the superior court of the county where he or she may reside. [1949 c 215 § 3; Rem. Supp. 1949 § 997-3. Prior: Code 1881 § 2002; 1866 p 89 § 1; 1860 p. 319 § 3; 1854 p. 406 § 3; RRS § 984.]"

The filing of a complaint by a nonresident clearly confers no jurisdiction over the subject matter of the action, *i.e.*, a divorce. We have never held that what a defendant did could confer jurisdiction over that subject matter where the complaint was by a nonresident.

The cases on which the respondents place reliance are not applicable to the factual situation. No one can disagree with their quoted statement from *Mapes v. Mapes* (1946), 24 Wn. (2d) 743, 167 P. (2d) 405, and *Wampler v. Wampler* (1946), 25 Wn. (2d) 258, 170 P. (2d) 316, that (p. 269)

"To give courts of a state jurisdiction over a marriage relation between husband and wife, one of the parties at least must have a domicile within the state. . . ."

But we certainly were not, as respondents imply, saying that the court had jurisdiction if either party was a resident of the state. In the *Mapes* case, we were discussing a Nevada divorce decree, relied upon by the defendant, where neither of the parties had been domiciled in or had been a resident of Nevada. We held that the Nevada decree obtained by the wife, under such circumstances, was not valid; and that the husband, a resident of this state, was entitled to secure a divorce in this state. In the *Wampler* case, the plaintiff wife had procured an Idaho divorce decree, when neither she nor her husband was a resident of that state. We held that the wife, in an action in this state where they were both residents, was not estopped to attack the validity of the Idaho decree, and that it was void and no bar to her action for a divorce in this state.

Respondents' principal reliance is on *Powell v. Powell* (1912), 66 Wash. 561, 119 Pac. 1119, but it is not authority for the proposition on which they rely. In that case, we have the essential which is lacking in this case—a resident plaintiff. The divorce was granted to a nonresident defendant on her cross-complaint. In that case the court had jurisdiction over the subject matter of the action because the plaintiff was a resident. We agree that a nonresident forced to come in from outside of this state and defend against an action for divorce (because our statute gives anyone who has lived in the state one year the right to maintain an action for divorce in the county where he or she may reside), has a right to have all issues raised by his or her cross-complaint determined. See the even stronger case of *Sterl v. Sterl* (1878), 2 Ill. App. 223, where the statute stated (p. 225),

" ' . . . *No person shall be entitled to a divorce* in pursuance of the provisions of this act, who has not resided in the State one whole year, next before filing his or her bill or petition, . . . ' " (Italics ours.)

It was there held that the wife, who was a nonresident, was entitled to a divorce on her cross-complaint, where the action had been commenced by the husband who was a resident of Illinois.

But that is quite different from holding that, though the plaintiff commencing an action was a nonresident who could not invoke the jurisdiction of courts of this state in a divorce action, jurisdiction over their marital relations was conferred by a resident defendant filing a cross-complaint.

The only factual pattern which approaches the facts of the present case is that described in *Ferry v. Ferry* (1894), 9 Wash. 239, 37 Pac. 431. In that action, commenced March, 1893, the wife was attacking a Washington divorce decree, entered October 21, 1889, which she had procured as a cross-complainant. There was no appeal in the divorce case. In the case actually before the court, she had alleged that Clinton P. Ferry, her husband, commenced the divorce action in the district court of Pierce county, Washington Territory, and that he was not at the time a resident of Washington Territory, hence the decree was void; and, further, that she had been defrauded in the property settlement in the divorce action. The trial court sustained a demurrer to her complaint in the action to set aside the divorce decree. The court recognized that "the real relief sought by this action is a readjustment of the property arrangement." We disposed of her contention that the divorce was invalid by saying (p. 242),

" . . . The appellant must rest, therefore, upon the nonresidence of her husband, and in that she encounters a difficulty. The plaintiff alleged residence, and no one except the plaintiff knew better than the defendant whether that allegation was true or not. She was in California, and, although served personally, she was not obliged to appear, but could safely stand upon the ground that at all times and in all courts she could successfully combat the effect of any decree which might be entered in the case commenced here. She had actually there commenced a suit of like character against her husband; but she forbore to prosecute it, and after coming into the case here she stipulated to dismiss it. She did not make it known to the Pierce county court that she claimed her husband's residence to be elsewhere. She procured the modification of the complaint and obtained at the hands of the court a decree in her favor. She says no evidence was taken as to the residence of either

party, and that there was no finding upon that subject; and it is not to be wondered at since the atmosphere of the case is that of one facilitated by both parties with the object of getting a decree on proof of as slight facts as possible. No one was deceived or defrauded in this unless it be the court; and now the same court is asked to set aside the decree thus rendered at the suit of one who is responsible for the imposition effected, after more than three years of acquiescence and enjoyment of the fruits of the action. . . . "

The court obviously did not hold that even if the plaintiff was a nonresident the divorce was valid, for, if it did, it would be in the completely indefensible position of saying that though both parties were nonresidents, as the wife concededly was, there was a valid divorce.

For various reasons, suggested in the foregoing quotation, the court held that Evelyn Ferry was estopped to urge that her husband was a nonresident when he commenced his action for divorce. In *Ferry v. Ferry, supra,* we have the issue raised of the effect of an action commenced by a nonresident plaintiff; but we did not come to grips with the question, for, as pointed out, unless the husband was a resident in the divorce action referred to in *Ferry v. Ferry, supra,* both parties were nonresidents; and, as already pointed out, our later cases of *Mapes v. Mapes, supra,* and *Wampler v. Wampler, supra,* hold that if neither party is a resident of the state, where the divorce action is brought, the court has no jurisdiction.

Under our statute our courts have no jurisdiction in a divorce action not commenced by a resident of the state of Washington. There being no finding that the plaintiff was a resident of the state of Washington, the findings do not support the judgment, and the judgment is reversed with directions to dismiss the action.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.