[No. 36604. Department Two. January 16, 1964.]

OMER FRANK TUPPER, *Respondent*, v. LEATHA VERA TUPPER, *Appellant.**

*Reported in 388 P. (2d) 225.

*Sam Peach,* for appellant.

HAMILTON, J.—The question presented by this appeal is whether a trial court has authority to award attorney's fees to a defendant wife upon the dismissal of plaintiff husband's divorce action for his failure to prove residency in the state for one year prior to the commencement of the action. The trial court ruled it lacked jurisdiction to make a post-trial award of attorney's fees under such circumstances. From this ruling the defendant wife appeals.

The appeal is uncontested, and is before the court on a short record. The record reveals the action came to trial upon plaintiff husband's complaint for divorce. Defendant wife resisted divorce upon jurisdictional grounds.

Sometime before trial commenced, defendant was awarded temporary attorney's fees in the amount of $350. The trial consumed approximately 7 days. On the fifth day of trial, defendant moved for and was granted permission to amend her answer to the extent of praying for reasonable attorney's fees. Upon conclusion of the evidence, the trial court orally granted defendant's motion for dismissal upon the grounds that plaintiff had not established his residence in the state of Washington for the required period of time. Thereafter, the trial court entered findings of fact, conclusions of law, and judgment, the latter instrument reciting, *inter alia*:

" . . . the defendant . . . is granted a dismissal of plaintiff's complaint for divorce because plaintiff has not resided within the State of Washington for a period of one year prior to the commencement of this action and she is hereby awarded the temporary attorney's fees of $350.00 previously awarded herein, together with her statutory costs, but she is denied further attorney fees because the Court lacks jurisdiction to award the same."

Because the trial court predicated its decision on lack of jurisdiction, it apparently relied on the language of *Hargreaves v. Hargreaves,* 55 Wn. (2d) 856, 350 P. (2d) 867, wherein we said:

"QUAERE: May a nonresident plaintiff secure a divorce in the state of Washington, where the resident defendant appears and asks for a divorce on a cross-complaint?

"ANSWER: No. Under our statute the courts of this state have no jurisdiction in a divorce action not commenced by a resident of the state. . . .

" . . .

"The filing of a complaint by a nonresident clearly confers no jurisdiction over the subject matter of the action, *i.e.,* a divorce. We have never held that what a defendant did could confer jurisdiction over that subject matter where the complaint was by a nonresident."

If the trial court did rely upon the *Hargreaves* case in denying, for lack of jurisdiction, an award of attorney's fees to defendant, we are constrained to disagree with the trial court's interpretation of that decision and the result produced thereby. The *Hargreaves* decision limited itself to the issue of jurisdiction to dissolve the marital status, *i.e.,* to grant a divorce. It did not relate to or concern itself with jurisdiction over the parties, insofar as awarding incidental relief growing out of the marital relationship.

We have recognized and held that a divorce proceeding is a statutory proceeding. *Arneson v. Arneson,* 38 Wn. (2d) 99, 227 P. (2d) 1016; *Palmer v. Palmer,* 42 Wn. (2d) 715, 258 P. (2d) 475; *Shaffer v. Shaffer,* 43 Wn. (2d) 629, 262 P. (2d) 763; *Hargreaves v. Hargreaves, supra.* Historically speaking, however, a divorce action, that is one seeking absolute dissolution of the marital status, is in a sense *sui generis,* since judicial authority to dissolve a mar-

riage did not originate in the common law or chancery courts. The power to grant divorce, involving as it does certain moral, spiritual, and property values, originally rested with religious agencies, ecclesiastical courts, and legislative bodies. It became a judicial function in this country and in this state by virtue of constitutional provision and statutory enactment. 1 Nelson, Divorce and Annulment (2d ed.) § 1.01; *Maynard v. Hill*, 2 Wash. Terr. 321, 5 Pac. 717, aff'd. 125 U. S. 190, 31 L. Ed. 654, 8 S. Ct. 723; *Loomis v. Loomis*, 47 Wn. (2d) 468, 288 P. (2d) 235.

On the other hand, judicial cognizance of suits involving the marital obligations of support found early recognition as independent suits, equitable in nature. 1 Nelson, Divorce and Annulment (2d ed.) §§ 1.01, 1.02; *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216. Subsequently, the elements of a support action were joined by statute with and as incidental to a divorce action.

■ The amalgamation produced a form of action combining the attributes of an action in rem or quasi in rem, insofar as the action seeks to dissolve the marital status, and an action in personam, insofar as the action purports to deal with the marital obligations of support. The power, or jurisdiction, of the court thus proceeds upon differing, though correlated, bases, one resting upon the marital status and situs, and the other resting upon the personal and marital obligations flowing from and incident to a marital relationship. The first requires jurisdiction over the marital status, and the second jurisdiction over the parties. 1 Nelson, Divorce and Annulment (2d ed.) § 1.04.

With the foregoing background in mind, we turn to the pertinent present-day statutes of this state.

RCW 26.08.030, 26.08.090, 26.08.120, and 26.08.150, respectively, provide:

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce under oath, in the superior court of the county where he or she may reside."

"Pending an action for divorce or annulment the court may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the

parties as the court may deem right and proper, and such orders relative to the expenses of such action, including attorneys' fees, as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. Upon the entry of judgment in the superior court, reasonable attorneys' fees may be awarded either party, in addition to statutory costs. Upon any appeal, the supreme court may in its discretion award reasonable attorneys' fees to either party for services on the appeal, in addition to statutory costs."

"If the court determines after trial that no divorce or annulment shall be granted, it may enter a decree of separate maintenance in favor of the party entitled thereto, and make all necessary orders required for support, attorneys' fees, costs, and for the care, custody, support, and education of minor children; and may set aside property for the benefit of the wife and children, if any, and impose a lien on community property to compel obedience to the decree. Such decree may be modified, altered or revised by the court from time to time on a showing that the conditions rendering it necessary have changed or no longer exist. Such final order or decree of separate maintenance shall be appealable."

"The defendant may, in addition to his or her answer, file a cross-complaint for divorce or annulment and the court may, in such cases, grant a divorce or annulment, if any, in favor of either party, or as if it were on the application of both."

█ It is apparent from the foregoing statutes, as well as their predecessors, that the legislature recognized that, within the framework of a single action, questions relating to residence, divorce, separate maintenance, annulment, support and suit money could and would arise, and undertook to make jurisdictional provision therefor. Only the in rem aspect of the action, *e.g.*, the power to grant divorce, is limited by the one year residence requirement. Jurisdiction of the court to afford in personam relief, *e.g.*, separate maintenance, suit money, etc., is not. Thus, jurisdiction over the parties before the court is not exhausted by a finding of lack of the one year residence qualification; it is merely diminished to the extent that the court lacks the power to dissolve the marriage. *Hammond v. Hammond,* 45 Wn.

(2d) 855, 278 P. (2d) 387. The court retains its jurisdiction to decree such further relief as is contemplated by the statute, prayed for by the parties, and warranted by the evidence.

■ The next question then is whether, under the foregoing statutes, the legislature intended that jurisdiction of the court to award attorney's fees at the conclusion of an action be limited to, or conditioned upon, the granting of affirmative relief as opposed to an involuntary dismissal.

We answer the question in the negative.[1] It has long been the policy in this state, legislatively and judicially, to require of the husband sufficient financial assistance, consistent with need and ability, to insure to the wife in a divorce or separate maintenance suit efficient preparation and presentation of her case, and a fair and impartial trial. Code of 1881 § 2006; Laws of 1891, chapter 26, § 4; Laws of 1921, chapter 109, § 2; Laws of 1933, chapter 112, § 1; Laws of 1947, chapter 161, § 1; Laws of 1949, chapter 215, § 9 (RCW 26.08.090); *Thorndike v. Thorndike,* 1 Wash. Terr. 176; *Kimble v. Kimble, supra; Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306.

The fact that a wife, who is brought into court by the divorce complaint of her husband, does not want a divorce or a decree of separate maintenance should not preclude her from the full benefit of this policy. And, her success in disproving allegations of residence or grounds for divorce should not be crowned with the ignominy of being unable to pay her attorney because of lack of funds and the estrangement of her husband. We are satisfied that the statutory language, ". . . Upon the entry of judgment in the superior court, reasonable attorneys' fees may be awarded either party, in addition to statutory costs. . . .", as found in RCW 26.08.090, is sufficiently clear and broad enough to encompass including an award within a judgment of dismissal.

[1]For cases from other jurisdictions in accord with this result see *Carlson v. Carlson,* 75 Ariz. 308, 256 P. (2d) 249; *Roberts v. Roberts,* 144 Tex. 603, 192 S. W. (2d) 774; *Weiss v. Weiss,* 111 Utah 353, 179 P. (2d) 1005.

Accordingly, we conclude the trial court erred in denying defendant's request for additional attorney's fees upon the sole ground that it lacked jurisdiction.

The judgment is, then, in this respect modified and remanded to the trial court for the fixing of such attorney's fees as the needs of the defendant, the financial ability of the plaintiff, and the extent and reasonable value of the services performed permit and justify. Such an award may, in the discretion of the trial court, be made a lien against the community property of the parties, the community interest of the plaintiff, or against any separate property or earnings of the plaintiff as the circumstances warrant.

■ Defendant has further requested that this court allow her attorney's fees on appeal as provided in RCW 26.08.090. As heretofore indicated, this appeal is on a short record and we have before us no evidence bearing upon defendant's financial need, plaintiff's financial ability, or the nature and status of their property. We cannot, therefore, realistically assess such fees. Consequently, we remand this determination to the trial court. *Hilsenberg v. Hilsenberg*, 54 Wn. (2d) 650, 344 P. (2d) 214.

Defendant, as appellant, shall be entitled to her costs on appeal.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.