[No. 10578–7–I.  Division One.  April 30, 1984.]

HELEN PAINTER, *Respondent,* v. JOHN OLNEY, ET AL, *Petitioners.*

*Betts, Patterson & Mines, P.S., Laura Joshel,* and *Michael Mines,* for petitioners.

*Charles Sandell,* for respondent.

WILLIAMS, J.—The question presented is whether the trial court erred in ruling that this case should not be dismissed because of ineffective service of process.

A cause of action arose in favor of the plaintiff, Helen Painter, when on January 3, 1978, her automobile was struck by one owned by defendant John Olney and allegedly negligently operated by defendant Cynthia J. Kometz. The complaint was filed 3 days before the expiration of the statute of limitations, affording Painter 90 days to accomplish service. RCW 4.16.170. During that time the following effort was made to locate and serve the defendants.

A process server engaged by Painter's attorney called at "823 190th St., Seattle." According to the affidavit of nonservice, the server was told by the people living there "That Cynthia Kometz and John Olney moved about two years ago. They have no clues as to where they may be." Clerk's Papers, at 27.[1] Painter's attorney then prepared an affidavit for service of summons by publication stating that:

> The current place of residence of defendants John Olney and Cynthia J. Kometz is unknown to me. Said defendants at the time of the occurrence of the incident in question were residents of the State of Washington, but now have either moved out of the state so that they are no longer residents, or they have departed from the state with the intent to defraud their creditors, or to avoid the service of a Summons, or they are keeping themselves concealed herein with like intent.
>
> Personal service cannot be made on said defendants

---

[1] In fact, Kometz and Olney never lived together at this or any other address.

within this state to the affiant's best knowledge, information and belief . . .

Clerk's Papers, at 26. The trial court entered an order allowing service by publication. *See* RCW 4.28.100. A "Notice of Summons & Complaint" was then published in the Daily Journal of Commerce.

At that time, Painter had available the official police traffic collision report. This report contained: (1) Kometz's full name and address (823 N.E. 190th St., Seattle 98155);[2] (2) Kometz's home telephone number (362–8473); (3) Kometz's business telephone number (622–2340); (4) the name of Kometz's employer (J–Set Co.); and (5) Olney's full name and address (18219 60 Ave. N., Seattle 98155).[3]

For about 18 months after the accident, Kometz lived at the address contained in the report. She then moved to Kirkland but left a forwarding address with postal officials. At all times pertinent, her business telephone number has remained the same.

At the times pertinent, Olney lived at 18219 60 Ave. N.E., Seattle, with his address and telephone number listed in the Bothell telephone directory. The 1980 Seattle City Directory listed him as working at Olney's J–Set in Seattle's Joshua Green Building and shows Cynthia Kometz as one of his employees.

■ The Supreme Court has observed that:

if all the available, reliable and easily accessible sources of information to be had at the date of the affidavit by the plaintiff . . . as to the residence of [the defendants] may be wholly ignored, then the right to resort to constructive service of process by publication, based as it is on the ground of necessity, may be readily made a weapon to practically deprive a resident defendant of the sacred right of having his day in court. It is not necessary that all conceivable means should be used, *but an honest*

---

[2]Service of process was attempted at a different, though similar, address: "823 190th St." Clerk's Papers, at 29.

[3]Olney actually lived on 60 Ave. *N.E.*

*and reasonable effort should be made to find the defendant prior to substituted service of process.*

(Italics ours.) *Schmelling v. Hoffman,* 111 Wash. 408, 414, 191 P. 618 (1920).

First and basic to any litigation is jurisdiction. First and basic to jurisdiction is service of process. Statutes authorizing service by means other than personal service, *i.e.,* constructive and substituted service, require strict compliance. *Thayer v. Edmonds,* 8 Wn. App. 36, 503 P.2d 1110 (1972). The plaintiff, in having an agent of her attorney call only at a house where it appears that neither defendant had ever lived and then abandoning the search, despite possessing additional information regarding the defendants' whereabouts, did not make the honest and reasonable effort necessary to allow for service by publication. *Schmelling v. Hoffman, supra; Thayer v. Edmonds, supra; Dobbins v. Beal,* 4 Wn. App. 616, 483 P.2d 874, *review denied,* 79 Wn.2d 1007 (1971).

Painter further argues that the superior court acquired jurisdiction because the defendants "in fact received notice of this claim as evidenced by the pleadings in this case." Brief of Respondent, at 2. She cites no authority which would confer jurisdiction upon a court by knowledge of the pendency of an action alone. The contrary is the case. *Interior Warehouse Co. v. Hays,* 91 Wash. 507, 512, 158 P. 99 (1916); Const. art. 1, § 3.

Reversed.

SWANSON, J., and JOHNSEN, J. Pro Tem., concur.

Review denied by Supreme Court July 13, 1984.