[No. 11005-9-II. Division Two. October 12, 1988.]

BERNICE KENT, *Respondent*, v. C.J. LEE, *Petitioner*.

*Jeffrey P. Downer* and *Lee, Smart, Cook, Martin & Patterson,* for petitioner.

*Kevin M. Boyle,* for respondent.

WORSWICK, J.—We accepted discretionary review, on the application of C.J. Lee, M.D., of an order denying his motion to dismiss for insufficiency of service of process. Lee was served by publication. The dispositive issue concerns the affidavits supporting an order authorizing such service. We reverse, holding the affidavits insufficient.

Because of surgery he performed in 1982, Lee in 1985 was named defendant, along with three other physicians, in a malpractice action brought by Bernice Kent. Lee, however, had moved to California and set up practice in 1984. Kent's attorney moved for a publication order pursuant to RCW 4.28.100, submitting his own affidavit that read in relevant part:

> 5. Defendants Dr. C.J. Lee and "Jane Doe" Lee, after diligent inquiry, to [*sic*] include contacting the Medical Association, and checking telephone directories within the City of Tacoma, cannot be located. . . .
> 6. Affiant, on information and belief, concludes that the defendants cannot be found in the County of Pierce, State of Washington, and therefore prays for an order directing service of process by publication pursuant to Civil Procedure 4.28.010 upon defendants Dr. C.J. Lee and "Jane Doe" Lee, husband and wife.

No attempt was made to mail a copy of the summons and complaint to Lee.

In due course, the attorney procured an order of default against Lee. Later, however, Kent learned Lee's California address, and a copy of the summons and complaint was then mailed to him. Lee promptly appeared in the action

and moved to dismiss.[1] The court granted Kent's motion to allow amendment nunc pro tunc of her attorney's previous affidavit. The amended affidavit changed paragraph 6 to read:

6. Affiant, on information and belief, concludes that the Defendants can not be found in the County of Pierce, State of Washington, and that they have departed this state, or are concealing themselves therein, with intent to defraud creditors or avoid the service of process herein, and therefore prays for an order directing service of process by publication pursuant to Civil Procedure R.C.W. 4.28.100 upon Defendants Dr. C.J. Lee and "Jane Doe" Lee, husband and wife.[2]

The trial court denied Lee's motion, observing that the attorney's original affidavit was deficient for failure to identify an appropriate subsection of the publication statute, but holding that, with the amendment, both sufficient diligence and a statutory basis for service by publication had been shown.

Lee contends that the court erred in allowing a nunc pro tunc amendment of the attorney's affidavit, in failing to consider Lee's affidavit, which controverted Kent's contention that he had attempted to avoid service, and in concluding that the amended affidavit supplied a factual basis to support service by publication under the statute. We agree with the last contention.

██ RCW 4.28.100 provides in relevant part:

Service of summons by publication—When authorized. When the defendant *cannot be found* within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating

---

[1]Lee submitted an affidavit setting forth in considerable detail the facts of his whereabouts, living situation, practice and the like. We prefer, however, to rest our disposition on the insufficiency of Kent's affidavits, not on the strength of Lee's.

[2]Kent also submitted an affidavit reciting her experiences in inquiring after Lee in an attempt to get information for her lawsuit. It does not add to, but detracts from, her attorney's affidavit, for it recites that she, through her own search, located Lee in California.

that he believes that the defendant is not a resident of the state, or *cannot be found therein,* and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and *stating the existence of one of the cases hereinafter specified,* the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

. . .

(2) When the defendant, *being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons,* or keeps himself concealed therein with like intent;

(Italics ours.) This statute has descended to us virtually unchanged since its enactment in 1893. Laws of 1893, ch. 127, § 9. It does not authorize service by publication simply because a defendant cannot be found, but only if, in addition, one of the specific factual requirements of the statute can be shown. The statute must be strictly complied with. *Longview Fibre Co. v. Stokes,* 52 Wn. App. 241, 758 P.2d 1006 (1988); *Parkash v. Perry,* 40 Wn. App. 849, 700 P.2d 1201 (1985); *Painter v. Olney,* 37 Wn. App. 424, 680 P.2d 1066, *review denied,* 102 Wn.2d 1002 (1984). An affidavit that omits the essential statutory elements is as good as no affidavit at all. *Felsinger v. Quinn,* 62 Wash. 183, 185, 113 P. 275 (1911). *See also Burns v. Stolze,* 111 Wash. 392, 191 P. 642 (1920); *Pullman v. Pullman,* 92 Wash. 120, 158 P. 746 (1916).

An affidavit is not a pleading, but is a solemn, formal asseveration, under oath, upon which others might rely. *State v. Howard,* 91 Wash. 481, 487, 158 P. 104 (1916). To satisfy the statute in this case, an affidavit would have to set forth *facts* showing: (1) that Lee could not be found in Washington; (2) that he (a) was a resident of Washington, and (b) had left the state (i) with intent to defraud creditors, or (ii) to avoid service of process. An averment that a defendant cannot be found within the state is insufficient

absent the recitation of facts showing reasonable diligence in the search. *Longview Fibre Co.,* 52 Wn. App. at 245.

Neither the attorney's original or amended affidavit, alone or supplemented by Kent's affidavit, was sufficient.[3] The attorney's amended affidavit set forth no facts—and not even an allegation—that Lee was a Washington resident, and it is now apparent that there are no such facts. Lee was a California resident. The affidavit averred only the attorney's conclusion that Lee had left the state for the reasons outlined in RCW 4.28.100(2). This cannot be regarded as a "solemn, formal asseveration upon which others might rely . . ." *Howard,* 91 Wash. at 487.

The affidavits presented on Kent's behalf showed only as *fact* that Kent and her attorney, after a not very exhaustive local search, were unable to locate Lee. They are devoid of any facts that would support an inference that Lee left Washington intending to defraud creditors or avoid process. The facts here, such as they are, do not, by any logical process of inference, support the conclusory statements in the attorney's affidavit. *See Peterson v. Betts,* 24 Wn.2d 376, 393, 165 P.2d 95 (1946); *see also Neel v. Henne,* 30 Wn.2d 24, 37, 190 P.2d 775 (1948).

Kent relies, as did the trial court, on *First Fed. Sav. & Loan Ass'n v. Ekanger,* 93 Wn.2d 777, 613 P.2d 129 (1980), in which the plaintiff was permitted to amend an affidavit nunc pro tunc to recite additional facts to support service by publication. *Ekanger,* however, does no more than apply the principle, more recently stated in *In re Marriage of Pratt,* 99 Wn.2d 905, 911, 665 P.2d 400 (1983), that a nunc pro tunc order is limited to permitting the record to reflect *what actually happened,* not to add new facts. *See also Barros v. Barros,* 26 Wn. App. 363, 613 P.2d 547 (1980). In *Ekanger,* the omissions concerned steps that the plaintiff took but did not describe in the original affidavit, and the

---

[3]We here assume, for discussion only, that a showing of reasonable diligence in attempting to locate Lee was made. This is by no means clear, in view of the limited efforts employed in the search.

subject matter of the action, obvious on the face of the pleadings, but, again, not stated in the affidavit.

The trial court's nunc pro tunc ruling did not help Kent. None of her affidavits ever contained any factual averments as to *what had happened* in the past to bring Lee within RCW 4.28.100(2).

Reversed.

ALEXANDER, A.C.J., and PETRICH, J., concur.