[No. 13258-7-III.    Division Three.    June 9, 1994.]

*In the Matter of the Marriage of* DIANE M. LOGG,
*Respondent, and* VERNON P. LOGG, *Appellant.*

*Jerry L. Sorlien,* for appellant.

*James D. Knodell, Prosecuting Attorney,* and *James D. Kendall, Deputy;* and *John M. Antosz,* for respondent.

SCHULTHEIS, J. — Vernon Logg was found in contempt for failure to pay child support and sentenced to 180 days in jail suspended on condition of making current support payments and satisfying certain arrearages. He contends: (1) the underlying dissolution proceedings are void in that he was not served with process; and (2) even if in rem jurisdiction existed to dissolve the marriage, he was not subject to in personam jurisdiction and cannot be bound by a monetary judgment. We reverse.

Vernon Logg and Diane Logg (now Piper) were married on August 7, 1982, at Seattle. Two children were born during the marriage. The parties separated on May 3, 1987, and Ms. Piper filed a petition for dissolution on June 30, 1987. The couple made their home at Moses Lake where Ms. Piper resided when the action was commenced. Mr. Logg moved from the family home several months earlier. The petition alleges he lived in Vancouver, but the record is inconclusive

whether this was his true residence or whether he had already moved to Troutdale, Oregon, at the time.

In early July Mr. Logg arrived at Ms. Piper's home to collect his belongings. They discussed the terms of the dissolution including the amount of child support she wanted. Ms. Piper gave her husband copies of all legal documents she had in her possession including the petition, summons, and an order to show cause. He replied they could probably arrive at an amicable agreement. The couple's assets were limited to three vehicles and their liabilities were not extraordinary. Mr. Logg stated he would review the documents, perhaps consult a lawyer, and if he agreed with the terms, would sign off on an agreed disposition. Ms. Piper's account of the discussions was confirmed by her baby-sitter who was present.

Because of the nature of his work as a long-haul truck driver, Mr. Logg moved frequently. He provided Ms. Piper with three addresses where he could be reached, although it is not clear whether he supplied them at the same time, or each time he moved. Mr. Logg called Ms. Piper's lawyer one or more times and acknowledged receipt of the dissolution papers. Only one of these contacts was documented. A confirmation letter sent by Ms. Piper's counsel to Mr. Logg on July 20, 1987, reflects they discussed the show cause order by reference to page and paragraph numbers which suggests Mr. Logg had a copy in hand.

Ms. Piper was not able to personally serve Mr. Logg. Mr. Logg had moved from two of the addresses he furnished and was temporarily absent from the third on business. Service by publication was attempted. Mr. Logg failed to respond and default was entered. A decree followed on November 20, 1987. All community assets except for Mr. Logg's personal items were awarded to Ms. Piper and she assumed most of the community debt offset by a judgment against Mr. Logg for half of the obligations. Ms. Piper was awarded custody of the two children, support of $250 monthly for each child, maintenance in the amount of $250 per month for 4 years, and attorney fees.

Over the years, Mr. Logg made no support payments. The Office of Support Enforcement took an interest and Mr. Logg was served with an order to show cause in April of 1992. By this time, his arrearages totaled $29,000. Mr. Logg appeared through counsel and moved to vacate the award of child support for lack of jurisdiction. The court denied the motion and held Mr. Logg in contempt. A motion for reconsideration was denied.

Mr. Logg questions whether the court had in rem jurisdiction, but does not urge that the decree of dissolution be vacated. The scope of inquiry will therefore be confined to whether personal jurisdiction existed.

■ CR 4(c) specifically provides that a party to an action cannot serve process on an opponent. The few courts which have construed the rule have given it a plain reading. *Crouch v. Friedman*, 51 Wn. App. 731, 734, 754 P.2d 1299 (1988); *Columbia Vly. Credit Exch., Inc. v. Lampson*, 12 Wn. App. 952, 955-56, 533 P.2d 152 (language "other than a party" not subject to interpretation), *review denied*, 85 Wn.2d 1018 (1975). Ms. Piper's "service" was ineffective under the unambiguous terms of the rule.

■ She urges, however, that the essence of due process was served because Mr. Logg had actual notice of the pendency of the action and the issues involved. Notice without proper service is not enough to confer jurisdiction. *Haberman v. WPPSS*, 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed*, 488 U.S. 805, 102 L. Ed. 2d 15, 109 S. Ct. 35 (1988); *Painter v. Olney*, 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied*, 102 Wn.2d 1002 (1984).

■ Ms. Piper relies on *Ashley v. Superior Court*, 83 Wn.2d 630, 521 P.2d 711 (1974) for the proposition that a court has inherent authority to waive procedural rules when circumstances require. *Ashley* held that when service by mail is reasonably calculated to impart notice, a court may authorize such service. 83 Wn.2d at 638. *Ashley* is now codified, at least in part, at CR 4(d)(4). The holding in *Ashley* does not permit a nunc pro tunc waiver of service requirements. Rather, a court may waive service rules prospectively on

"the condition that another method, more reasonably calculated to effectively give notice, is utilized." *Ashley*, at 637.

The trial court found Mr. Logg concealed himself within the state and left the state to avoid service: findings which trigger RCW 4.28.100(2) thus conferring in personam jurisdiction. The requisites of allowing publication under this theory were not met:

[S]ummons by publication is permitted if:

1. The defendant cannot be found in the state . . .

2. Plaintiff, his agent, or attorney files an affidavit stating that he believes the defendant cannot be found in the state.

3. A copy of the summons has been mailed if the residence is known.

4. There is a statement in the affidavit that

. . . the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent.

*Dobbins v. Beal*, 4 Wn. App. 616, 619, 483 P.2d 874, *review denied*, 79 Wn.2d 1007 (1971).

■ A bare recitation of these factors is insufficient. The conclusions are required, but so are the facts supporting the conclusions. *Brennan v. Hurt*, 59 Wn. App. 315, 317, 796 P.2d 786 (1990), *review denied*, 116 Wn.2d 1002 (1991). The affidavit does not recite that Mr. Logg cannot be found in the state, only that he is on the road frequently and difficult to locate at any given time. The summons was not mailed to any of the three addresses Mr. Logg provided, although counsel apparently thought one of the addresses was current, at least for purposes of mailing. There is no averment that Mr. Logg left the state for purposes of avoiding service, let alone a statement of supporting facts. *Lepeska v. Farley*, 67 Wn. App. 548, 554, 833 P.2d 437 (1992). There is no allegation that Mr. Logg concealed himself within the state to avoid service. There could not have been; as counsel was aware, Mr. Logg was residing in Oregon prior to moving for leave to publish.

■ Publication requirements are strictly construed. *Kent v. Lee*, 52 Wn. App. 576, 579-80, 762 P.2d 24 (1988). *Cf. Jones v. Stebbins*, 122 Wn.2d 471, 481-82, 860 P.2d 1009

(1993). At least one of the eight factual scenarios enumerated in RCW 4.28.100 to which publication applies must be recited in the affidavit. *Kent,* at 579. "An affidavit that omits the essential statutory elements is as good as no affidavit at all." *Kent,* at 579. Reliance here was placed on RCW 4.28.100(4), the pendency of a dissolution action. This subsection will not secure in personam jurisdiction. *In re Marriage of Johnston,* 33 Wn. App. 178, 179, 653 P.2d 1329 (1982). Only RCW 4.28.100(2) will accomplish that (*Johnston,* at 179), and the affidavit fails to frame a subsection (2) issue.

■ A finding that Mr. Logg hid or fled to evade service does not nunc pro tunc cure a defective affidavit unless the introduction of new facts does no more than "[permit] the record to reflect what actually happened . . .". (Italics omitted.) *Kent,* 52 Wn. App. at 580. The findings here attempt to accomplish much more than that.

The language of the supporting affidavit is insufficient to invoke RCW 4.28.100(2). The trial court's finding that RCW 4.28.100(2) was satisfied cannot stand because an insufficient affidavit cannot be cured nunc pro tunc unless it merely alters the record to reflect what actually happened.

■ "First and basic to any litigation is jurisdiction. First and basic to jurisdiction is service of process." *Painter,* 37 Wn. App. at 427; *accord Longview Fibre Co. v. Stokes,* 52 Wn. App. 241, 244, 758 P.2d 1006 (1988).

■ Both parties request attorney fees. An award of fees to the prevailing party in an enforcement action is mandatory under RCW 26.18.160. *In re Marriage of Nelson,* 62 Wn. App. 515, 520, 814 P.2d 1208 (1991). Since the award of child support must be set aside, Ms. Piper did not prevail. Mr. Logg ostensibly prevailed, but the obligor spouse will be considered a prevailing party only when the obligee spouse brought the proceeding in bad faith. *Nelson,* at 520. That is not an issue in this case.

Nor will fees be awarded pursuant to RCW 26.09.140. No award could be assessed against Mr. Logg for lack of jurisdiction and no award should be assessed against Ms. Piper.

Reversed.

THOMPSON, C.J., and MUNSON, J., concur.