[No. 14694-4-III. Division Three. December 26, 1996.]

*In the Matter of the Marriage of* KARINE KAY POWELL, *Appellant, and* ROBERT MITCHELL POWELL, *Respondent.*

---

*David J. Crouse*, for appellant.
*John O. McLendon*, for respondent.

THOMPSON, J. — Mrs. Powell appeals the court's order denying her motion for judgment for nonpayment of an equalization distribution pursuant to a decree of dissolution. She contends the court erred by determining (1) no personal jurisdiction existed allowing the distribution, and (2) the relief requested exceeded the relief stated in the summons by publication. She also contends Mr. Powell waived any rights he had by failing to move to vacate the judgment. We affirm.

Mr. and Mrs. Powell separated on or about September 19, 1990. On November 21, 1990, Mrs. Powell filed a summons and petition for dissolution of marriage. The process server attempted to serve Mr. Powell at his place of business located at West 10110 Aero Road and West 314 Riverside in Spokane, and his last known residence, the Starlight Motel, but was unsuccessful. There was no known current address for Mr. Powell. On December 28, 1990, Mrs. Powell moved for and received an order of publication to serve Mr. Powell pursuant to RCW 4.28.100. The notice was published from January 10, 1991 until February 14, 1991, in the Cheney Free Press.

Mr. Powell did not appear, so the court also entered an order of default. On April 15, 1991, the court entered findings and conclusions and a decree of dissolution. The decree distributed the property and liabilities as follows:

Mrs. Powell received a 1975 Chevrolet, the furniture, her retirement benefits and her personal effects; she was ordered to pay her household bills and any obligations she incurred after the separation. Mr. Powell received a 1978 motorcycle, a Buick, and his personal effects and was ordered to pay an IRS debt, a car loan, hospital bill, the capital gains taxes, any debts not listed, and any debts he incurred after separation. The court also ordered Mr. Powell to pay $200 per month from July 1, 1991 until July 1, 1996 to Mrs. Powell as an equalization distribution.

In October 1990, Mr. Powell had seen a draft of the dissolution agreement and told Mrs. Powell he would not agree to her terms. Several months later, Mrs. Powell told Mr. Powell she had served him by publication in order to obtain the divorce. She told him he had to pay the IRS and that he owed her other money. Mr. Powell did not receive a copy of the decree until August 31, 1993, when he applied for a home loan and learned of discrepancies on his credit due to the dissolution. He then obtained a copy of the decree and learned of the property distribution and $200 a month equalization distribution.

On November 9, 1993, Mrs. Powell filed a motion to establish judgment for non-payment of the equalization distribution since Mr. Powell had not made any of his monthly payments. Mr. Powell filed an affidavit in support of the motion to vacate, although no motion was ever filed. On January 20, 1994, Mr. Powell filed a motion and declaration in opposition to Mrs. Powell's motion for judgment. In that motion, Mr. Powell sought vacation of the April 15, 1991 equalization judgment.

On October 18, 1994, the commissioner determined the judgment was unenforceable. The court held no in personam jurisdiction existed and the relief granted in the decree exceeded the relief requested. Thus, the original judgment was void. The court then denied Mrs. Powell's motion for judgment.

Mrs. Powell contends the court erred by finding it lacked personal jurisdiction. Service by publication is allowed only in specific circumstances.

When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein . . . the service may be made by publication of the summons . . . in any of the following cases:

. . . .

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;

. . . .

(4) When the action is for divorce in the cases prescribed by law.

RCW 4.28.100(2), (4). This statute is strictly construed. *Kent v. Lee*, 52 Wn. App. 576, 579, 762 P.2d 24 (1988); *Painter v. Olney*, 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied*, 102 Wn.2d 1002 (1984).

As a general rule in Washington, personal judgments cannot be entered pursuant to service by publication. *In re Johnston*, 33 Wn. App. 178, 179, 653 P.2d 1329 (1982). A limited exception exists if the defendant has concealed himself within the state and service by publication was pursuant to RCW 4.28.100(2). *Johnston*, 33 Wn. App. at 179. A personal judgment cannot be obtained when service was by publication pursuant to RCW 4.28.100(4), for purposes of obtaining a divorce. *Id.*

Mrs. Powell served Mr. Powell by publication. She contends the service by publication was pursuant to RCW 4.28.100(2), because he was intentionally concealing himself within Washington to avoid service. To satisfy RCW 4.28.100(2) an affidavit must set forth facts establishing (1) the defendant could not be found in Washington, and (2) the defendant was a resident of Washington and left the state to avoid service. *Kent*, 52 Wn. App. at 579. A mere recitation of the factors required to obtain jurisdic-

tion pursuant to RCW 4.28.100(2) is insufficient. *In re Logg*, 74 Wn. App. 781, 785, 875 P.2d 647 (1994). The affidavit must contain facts which support the conclusions required by the statute. *Id.* The affidavit in this case fails to provide the necessary facts. Though the affidavit does state Mr. Powell could not be found in Washington, it does not state, nor do the facts support the conclusion, that he was avoiding service. He was not at any one particular location when service was attempted because the nature of his job required he travel between warehouses. Nothing in the affidavit clearly establishes that Mr. Powell was evading service. Furthermore, the affidavit never states he was a Washington resident.

 Since service could only have been authorized pursuant to RCW 4.28.100(4), which allows publication in a dissolution action, Mrs. Powell did not secure personal jurisdiction. *Logg*, 74 Wn. App. at 786. A court cannot adjudicate a personal claim or obligation without personal jurisdiction over that party. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418, 77 S. Ct. 1360, 1 L. Ed. 2d 1456 (1957). Personal obligations flowing from and incidental to the marital relationship require personal jurisdiction. *Tupper v. Tupper*, 63 Wn.2d 585, 588, 388 P.2d 225 (1964). Maintenance and monetary awards are examples of personal obligations. *Id.* at 589. The equalization distribution was a monetary obligation imposed upon Mr. Powell, thus the court was required to obtain personal jurisdiction over him. The superior court commissioner's ruling on lack of personal jurisdiction was correct.

██ The court was also correct in finding the equalization payment exceeded the relief requested in the summons. A summons by publication must contain a brief statement of the object of the action. RCW 4.28.100. The summons published in the Cheney Free Press stated: "This is a dissolution action seeking a divorce and a division of the liabilities and property of the parties."

Notice must inform the party to whom it is directed that his person or property is in jeopardy. *Ware v. Phill-*

*ips,* 77 Wn.2d 879, 882, 468 P.2d 444 (1970). A summons which stated the court would distribute both real and personal property was deemed adequate notice in *Goore v. Goore,* 24 Wash. 139, 146-47, 63 P. 1092 (1901). On the other hand, a summons stating one party had filed a petition for divorce and all other requests were stated in the petition was deemed inadequate notice in *In re Campbell,* 37 Wn. App. 840, 845, 683 P.2d 604 (1984).

This summons gave notice only that a divorce was being sought and that the court would divide the parties' assets and liabilities. The equalization distribution is a personal judgment against Mr. Powell. The summons did not sufficiently inform him that he would have any monetary obligations to Mrs. Powell after the action was complete. Thus, the court did not err in determining the relief sought exceeded the relief requested.

■ Finally, Mrs. Powell contends the court erred by finding Mr. Powell's failure to move to vacate the decree did not preclude him from obtaining any relief from the judgment. A judgment entered by a court lacking the proper jurisdiction is void. *In re Ortiz,* 108 Wn.2d 643, 649, 740 P.2d 843 (1987). A void judgment must be vacated. *In re Dugan-Gaunt,* 82 Wn. App. 16, 19, 915 P.2d 541 (1996). "Under CR 60(b)(5), a court may vacate a void judgment at any time." *Long v. Harrold,* 76 Wn. App. 317, 319, 884 P.2d 934 (1994). Whether Mr. Powell moved to vacate the distribution is immaterial because the portion of the decree ordering him to pay the equalization is void.

The court lacked personal jurisdiction over Mr. Powell when it entered the decree. When a court lacks jurisdiction over a party, any orders beyond those changing the legal marital status are not binding. *Lake v. Butcher,* 37 Wn. App. 228, 232, 679 P.2d 409, *review denied,* 102 Wn.2d 1020 (1984). Since the equalization payment was void, the court had no alternative but to vacate that portion of the decree.

We affirm.

SCHULTHEIS, A.C.J., and MUNSON, J., concur.