[No. 39161-5-I.    Division One.    July 7, 1997.]

JOHN BRUFF, ET AL., *Appellants*, v. DAVID MAIN, ET AL., *Respondents*.

610

*John M. Graham, Susan B. Cohodes,* and *Law Offices of John Graham,* for appellants.

*M. Colleen Barrett* and *Julin, Fosso, Sage, McBride & Mason,* for respondents.

PER CURIAM. — John and Vicki Bruff filed this personal injury action again David Main. The trial court dismissed the action, ruling that the Bruffs' attempt to perfect service by publication was invalid and that the statute of limitation had therefore expired. Because the Bruffs' affidavits failed to raise an inference that Main was concealing himself with the intent to defraud creditors or avoid process, we affirm.

On August 26, 1992, the Bruffs were injured in a collision with a car driven by David Main. Main alleges that he suffered a seizure prior to the collision and lost consciousness.

On August 18, 1995, the Bruffs filed a complaint for damages against Main. On September 22, 1995, after unsuccessfully attempting to serve Main personally, counsel for the Bruffs filed an affidavit in support of service by publication, alleging her belief that Main had either left the State of Washington or was concealing himself in Washington with the intent of avoiding service of summons. Counsel averred that an investigation had failed to locate Main in the greater Seattle area and that Main's father, who lived in Canada, did not know Main's whereabouts.

The record discloses that at the time of the accident in 1992, Main was a Canadian citizen and was living with his parents at 14412 27th Dr. SE in Mill Creek. In late 1992, Main moved to 17525 14th Ave. W. in Lynnwood. In June 1995, he moved to 10832 23rd Dr. SE in Everett. Main's parents moved from their Mill Creek home to British Columbia in 1995. The police report listed the Mill Creek address for the registered owner of Main's vehicle and a Snohomish address for Main. In his deposition, Main did not recognize the Snohomish address and could not explain who had provided it to the police.

On April 1, 1996, Main moved to dismiss, arguing that the Bruffs' attempted service by publication was invalid and that the statute of limitations on the claim had therefore expired. In response, the Bruffs' counsel filed an amended affidavit, setting forth in more detail the efforts undertaken to find Main.

On May 3, 1996, the trial court granted Main's motion to dismiss, ruling that the Bruffs had failed to set forth sufficient facts to support an inference that Main was concealing himself in order to avoid creditors. The court declined to find that the Bruffs had failed to exercise due diligence in attempting to serve Main personally.

■ On appeal, the Bruffs contend the trial court erred in ruling that they had failed to satisfy the requirements for service by publication. In particular, they argue that the fact Main could not be found in Washington through information on the police report, his lack of a "public recorded persona," and his history of credit problems, support a reasonable inference that he was concealing himself in Washington with the intent to defraud creditors or avoid process. We review the trial court's ruling de novo. *See State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 82 Wn.2d 265, 269, 510 P.2d 233 (1973).

■ ■ RCW 4.28.100 authorizes service by publication

only in limited circumstances.[1] Strict compliance with the statute is required for jurisdiction to attach when a summons is served by publication. *Kent v. Lee*, 52 Wn. App. 576, 579, 762 P.2d 24 (1988). In order to perfect service by publication, the Bruffs were required to set forth facts supporting a conclusion that Main had left the state or was concealing himself with intent to defraud creditors or avoid service of process. RCW 4.28.100(2). A bare recitation of the statutory factors required to obtain jurisdiction is insufficient. *In re Marriage of Powell*, 84 Wn. App. 432, 436-37, 927 P.2d 1154 (1996). "The conclusions are required but so are the facts supporting the conclusions." *In re Marriage of Logg*, 74 Wn. App. 781, 785, 875 P.2d 647 (1994). An affidavit is sufficient when it "clearly shows all the conditions required, although it 'does not literally follow the wording of the statute.' " *Jones v. Stebbins*, 122 Wn.2d 471, 482, 860 P.2d 1009 (1993) (quoting *Jesseph v. Carroll*, 126 Wash. 661, 666, 219 P. 429 (1923)).

In this case, neither the initial affidavit nor the amended affidavit satisfied the requirements of RCW 4.28.100(2). The initial affidavit recited only that an investigation revealed no trace of Main in the greater Seattle area and that Main's father did not know his whereabouts. Such conclusory allegations, which did not identify the steps undertaken to serve Main personally, are insufficient to support service by publication. *Lepeska v. Farley*, 67 Wn. App. 548, 554, 833 P.2d 437 (1992); *Kent v. Lee*, 52 Wn. App. at 579.

---

[1]RCW 4.28.100 provides:

When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein . . . the service may be made by publication of the summons . . . in any of the following cases:

. . . .

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;

In the amended affidavit, counsel recited, without further explanation, information that she had learned through discovery, including the fact that Main was not employed, that he did not have a listed telephone number, that he never lived at the Snohomish address listed on the police report, and that he had "a history of credit problems" in Washington. Counsel also appended declarations from two investigators who had attempted to serve Main personally. One investigator stated that he was unable to locate Main through the two addresses listed on the police report or through Department of Licensing and Department of Motor Vehicle records, which still listed the Mill Creek address for Main.

The second investigator, Michael Schoonover, knew Main from "many previous contacts" and stated that the best source of information for locating him was his parents. Schoonover located Main's parents in British Columbia and spoke with Main's father, who said that he did not have a current address for Main, but that he was living in the Seattle area.

▊ The Bruffs have cited no authority to support the proposition that a person's lack of a "public recorded persona," without more, raises an inference that he or she is attempting to defraud creditors or avoid process. The record establishes that after the accident, Main changed his residence twice; both moves occurred before the Bruffs filed their action. *See Kennedy v. Korth*, 35 Wn. App. 622, 624, 668 P.2d 614, *review denied*, 100 Wn.2d 1026 (1983) (fact that defendant moved to Germany prior to filing of lawsuit negates assertion that he left Washington to avoid service of process). Nor does the bare allegation that Main had "a history of credit problems" indicate that he was attempting to avoid a collection action or defraud a creditor. Significantly, the investigator who had had numerous prior contacts with Main provided no details about those contacts or any other facts suggesting that Main had attempted to conceal himself or avoid collection actions in the past.

614

██ In sum, the Bruffs' affidavits contained no facts clearly suggesting that Main's change of residence, or any other conduct, was undertaken with the intent required by RCW 4.28.100(2). RCW 4.28.100(2) does not authorize service by publication merely because the Bruffs were unable to locate Main, despite diligent efforts. *Lepeska v. Farley*, 67 Wn. App. at 553.

Affirmed.