[No. 44261-9-I.   Division One.   May 1, 2000.]

*In the Matter of the Marriage of* WAYNE A. CUMMINGS, *Appellant,* and RUTH M. CUMMINGS, *Respondent.*

---

*Sabrina A. Layman* (of *Brewe Layman*), for appellant.

*William A. Buchanan* (of *Law Offices of William Buchanan*), for respondent.

GROSSE, J. — Where a party has agreed to an order establishing a process for the exchange of income tax information as a condition precedent to a possible annual modification of child support, but fails to provide that information in satisfaction of the condition, and completely fails to take any other affirmative action on the issue for a period of approximately 12 years, that party is barred from seeking retroactive modification of the support obligation. This is particularly true in this circumstance where the obligated parent has paid the sums required in the decree

in a consistent and timely manner, and where the child of the parties achieved the age of majority several years prior to the action.

In the original dissolution settlement agreement and decree of June 15, 1984, Wayne Cummings agreed to pay $400 a month in child support. He did so until well after the 18th birthday of his son Ben, a time when Ben was arguably emancipated. In 1986, Ruth Cummings sought to enforce a child support adjustment provision of the settlement agreement. That provision stated:

> Beginning in January, 1986, and continuing each January thereafter, the parents shall exchange income tax returns for the preceding year and adjust the support obligation in accordance with the factors set forth in the A.S.C.J. Schedule, applying the "high" column level.

For whatever reasons, the parties had difficulty in agreeing or facilitating a way to exchange their returns. In fact, Ruth Cummings did not provide any income tax returns at that time. In 1986, after denying Ruth Cummings' requested relief, the tax return exchange provision of the decree was modified by agreed order. The agreed order, filed October 31, 1986, stated in part:

> 1. The provision in the prior Decree that the parties exchange their federal income tax returns for the preceding year, in January of each year, commencing in 1986, is hereby modified to require instead that as a condition of receiving an *annual* review of child support as contemplated by the Decree, the wife shall *first* submit a copy of her federal tax return for the *preceding* year to the husband. Upon receipt of same, the husband shall promptly provide the wife with a copy of his tax return for the preceding year, provided, however, that for those years for which preparation of the husband's tax return is under the control of The Boeing Company because of husband's assignment in a foreign country, if such return is not yet available to the husband when he receives the wife's return, he shall so notify her, and thereafter he shall provide the return to wife promptly after such becomes available to him, to-wit: within two weeks of the date he receives possession of his said

tax return. *Any adjustments in support shall be delayed for a period of at least 30 days after each party has received the tax return of the other.*

2. Except as specifically modified herein, the prior Decree shall remain in full force and effect as first written.

(Emphasis added.)

After agreeing to the above order, Ruth Cummings failed to submit or exchange any tax returns with her former husband until she filed the motion giving rise to this appeal, some 12 years later. In 1996, two years before the present action, she again attempted to establish arrearages. A family law court commissioner dismissed the 1996 motion holding that the October 31, 1986 order mandated that Ruth Cummings first provide income tax returns to Wayne Cummings. Since she had not done so, the court commissioner determined the motion was improperly before the court and dismissed it.

In 1998, under the same 1986 cause number, Ruth Cummings brought another motion to establish child support arrearages and for an award of attorney fees. The motion did not disclose the 1986 modification of the agreement by agreed order, or that the 1996 motion had been denied. She sought child support arrearages, interest, and attorney fees for a period of eight years.

Over objection, the family court commissioner granted Ruth Cummings' motion. She was awarded a judgment of $29,165.12 in back child support, $28,677.52 in interest, and attorney fees of $3,685, plus costs of $36.56, less the grant of credit for payments made until January 31, 1992. Wayne Cummings appeals.

## DECISION

■ Contrary to the claims of Ruth Cummings, this is not a case for the collection of past due support or arrearages. Wayne Cummings fully paid the amount set forth in the decree and subsequently the agreed modification, even beyond his son's emancipation date. At a minimum, this

action is one for retroactive modification of child support. The original show cause motion filed by Ruth Cummings in 1986, which sought enforcement of the dissolution decree, was captioned as one for modification of child support. Under RCW 26.09.170, a retroactive child support modification is highly disfavored except in certain unusual instances, none present here.[1]

■ Further, in 1986, the trial court dismissed Ruth Cummings' modification action, and added an agreed provision modifying the income tax return exchange provision of the decree. Under that order, Ruth Cummings was required to annually submit a copy of her tax return for each preceding year to Wayne Cummings as a condition precedent to the grant of any adjustment. The plain language of the order clearly evidences the intent that any adjustment was prospective for the following year(s). This is especially true given the language of the order that any adjustment would not take effect until 30 days after the exchange of tax returns.

Ruth Cummings' claims of equity are not borne out by the record. As noted in the October 31, 1986 order, Wayne Cummings complied with all requests for copies of his tax returns. She did not. Ten years later she attempted to establish arrearages but her motion was dismissed, as again she failed to comply with the condition that she provide copies of her tax returns. Two years later, 12 years after the 1986 agreed order, Ruth Cummings created and filed tax returns for back years.

Most importantly, beyond the application of RCW

---

[1] RCW 26.09.170 provides in part:

> (1) Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified: (a) Only as to *installments accruing subsequent to the petition for modification or motion for adjustment* except motions to compel court-ordered adjustments, which shall be effective as of the first date specified in the decree for implementing the adjustment; and, (b) except as otherwise provided in subsections (4), (5), (8), and (9) of this section, only upon a showing of a substantial change of circumstances.

(Emphasis added.)

26.09.170, Ruth Cummings is foreclosed from an award of any back support because the 1986 order to which she agreed required that she provide her income tax returns as a condition precedent to any request for adjustment. By the time Ruth Cummings submitted her returns in 1998, the chance for any adjustment had long passed. Effectually, Ruth Cummings waived her right to request adjustments by failing to comply with the 1986 order. The trial court erred as a matter of law in granting a judgment for arrearages.

Wayne Cummings requests attorney fees and costs. We decline to grant them. Although an award of fees to the prevailing party in an enforcement action is mandatory, in disputes over child support obligations the obligor spouse will be considered the prevailing party under RCW 26.18.160 only when the obligee spouse brought the action in bad faith.[2] Here, although Ruth Cummings did not prevail, Wayne Cummings cannot be considered to be the prevailing party unless the action arose out of bad faith. While this motion was not well-advised, a family court commissioner and a trial judge granted it. There is no evidence of bad faith.

The decision awarding arrearages, interest, attorney fees, and costs is reversed.

AGID, C.J., and COLEMAN, J., concur.

Review denied at 141 Wn.2d 1030 (2000).

---

[2] RCW 26.18.160; *In re Marriage of Logg*, 74 Wn. App. 781, 786, 875 P.2d 647 (1994).