IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CANDEA BALCOM, a single woman, | ) | |
| AKA CANDEA SMARTLOWIT, | ) | No. 35275-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TAMARA BLAND, a married woman, | ) | |
| and J.H. HUSCROFT, Ltd., a Canadian | ) | |
| Corporation, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — We affirm summary dismissal of Candea Balcom's suit because

of lack of service of process on defendants Tamara Bland and J.H. Huscroft, Ltd. We

agree with the trial court that Balcom failed to properly serve both defendants because

she failed to satisfy conditions necessary for service by publication, her only mode of

service.

FACTS

On September 26, 2012, plaintiff Candea Balcom traveled southbound on

Highway 20 in Pend Oreille County. Balcom encountered defendant Tamara Bland's

vehicle blocking the lane, and, unable to timely stop, Balcom struck Bland's car. Balcom

lives in Pend Oreille County, while Bland resides in British Columbia. According to

Candea Balcom, at the time of the accident, Bland drove a corporate automobile for

defendant J.H. Huscroft, Ltd., a British Columbia softwood products manufacturer.

On September 24, 2015, two days shy of three years after the automobile collision,

Candea Balcom filed a summons and complaint against Tamara Bland and J.H. Huscroft.

Balcom then filed a motion for service by publication pursuant to RCW 4.28.100 and

.110. Balcom's counsel annexed a declaration to the motion, which declaration read in

portion:

> 2. Service of the summons in this matter is justified and necessary because the defendant Bland has departed this state it is believed to avoid service in this matter, and is probably in Canada.
> 3. It is unknown if Ms. Bland will ever come back to the United States, and service needs to be completed before the statute of limitations runs in this matter. Accordingly, in order to perfect service on defendant Bland, service by publication is necessary.
> 4. I also performed many searches in an attempt to find someone to serve on behalf of defendant Huscroft within the state of Washington. I searched all business licenses in this state, the Secretary of State's databases including corporate offices, officers, and registered agents, this state's Department of Revenue databases, the Washington State Patrol databases, and United States and Washington's Departments of Transportation databases. All searches were negative in my attempt to find a qualified person or corporate representative within this state to serve in this matter. Accordingly, in order to perfect service on defendant Huscroft, service by publication is necessary.
> 5. I will forward a copy of the complaint and summons to defendants' [sic] and/or their representatives in an attempt to resolve this matter short of trial.

Clerk's Papers (CP) at 25. The trial court then signed an order authorizing service of the

summons by publication.

Candea Balcom published the summons in the *Newport Miner* weekly from September 30, 2015, to November 4, 2015. Balcom's counsel also mailed a copy of the summons and complaint to Tamara Bland and J.H. Huscroft and to an insurance agent he believed assisted in the defense of Bland and Huscroft.

PROCEDURE

On April 3, 2017, Tamara Bland and J.H. Huscroft filed a motion to dismiss for lack of jurisdiction based on improper service. The trial court determined service by publication to be invalid. Because of the expiration of the statute of limitations, the trial court dismissed with prejudice Candea Balcom's claims.

LAW AND ANALYSIS

Service of Process - Tamara Bland

Candea Balcom appeals the dismissal of her lawsuit. She contends she effected service of process over Tamara Bland and J.H. Huscroft when publishing notice in a county official newspaper. Balcom claims that CR 5, RCW 4.28.100, and the trial court's order authorizing publication sanctioned her service by publication. We disagree and affirm the trial court.

Our analysis distinguishes between service on defendant Tamara Bland and defendant J.H. Huscroft. We assess service of process on Bland first and affirm dismissal of the suit against Bland on three grounds. First, Candea Balcom does not establish she exerted reasonable efforts to personally serve Bland with the summons and complaint.

3

Second, Bland cannot rely on RCW 4.28.100 when serving a nonresident natural person.

Third, Bland presents no underlying facts to establish that Bland sought to avoid service.

Before addressing the merits of the appeal, we review two technical contentions of Candea Balcom, under which she entreats us not to review the trial court's dismissal of the suit but to remand for further proceedings. First, Balcom asserts that Bland captioned her pleading to dismiss as a motion under CR 12(i), which concerns nonparties at fault. Balcom accurately notes that Bland's motion raised service of process, not nonparties. We decline to entertain Balcom's criticism, however, because her brief fails to cite to the page number in the clerk's papers where Bland purportedly forwarded the wrong rule. This court will not address alleged errors in the trial court record when the appellant fails to identify the location of the error in the record. The appellant must reference the record for each factual statement. RAP 10.3(a)(5).

Second, Candea Balcom complains that the trial court considered, at the time of the dismissal hearing, new materials impermissibly proffered by Tamara Bland. Nevertheless, Balcom does not supply this court with a report of proceedings and does not cite in the trial court record any purported procedural irregularities. Matters not in the record will not be considered by an appellate court. *State ex rel. Dean v. Dean*, 56 Wn. App. 377, 382, 783 P.2d 1099 (1989).

We move to the merits of whether Candea Balcom validly served Tamara Bland by publication. Jurisdiction demands service of process. *Parkash v. Perry*, 40 Wn. App.

849, 853, 700 P.2d 1201 (1985).  A court cannot adjudicate a personal claim or obligation without personal jurisdiction over that party.  *In re Marriage of Powell*, 84 Wn. App. 432, 437, 927 P.2d 1154 (1996).  Personal jurisdiction over a defendant commands proper service of process.  *Haberman v. Washington Public Power Supply System*, 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987).

Both parties agree that Tamara Bland resided in British Columbia at all times.  A Washington court may assert personal jurisdiction over a nonresident defendant if the plaintiff satisfies Washington's long-arm statute and if the assumption of jurisdiction meets the requirements of due process by comporting with traditional notions of fair play and substantial justice.  *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581, 584-85, 225 P.3d 1035, *review granted*, 169 Wn.2d 1029, 241 P.3d 786 (2010).

RCW 4.28.185, Washington's longarm statute, grants jurisdiction to Washington courts of residents of another state or nation under certain circumstances.  The statute reads, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> (a) The transaction of any business within this state;
> (b) The commission of a tortious act within this state;
> . . . .

5

> (2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

The first sentence of RCW 4.28.180 declares:

> Personal service of summons or other process may be made upon any party outside the state.

Based on RCW 4.28.180 and .185, Candea Balcom could have personally served Tamara Bland in British Columbia. We assume the collision report identified the residential address of Bland particularly since Balcom claims she mailed a copy of the summons and complaint to Bland. Still, Balcom chose not to perform personal service.

Candea Balcom first relies on CR 5 to authorize her service of the summons and complaint by publication. CR 5 helps her none. CR 5 only covers service of pleadings "subsequent to the original complaint." CR 5(a). No language in the rule addresses service of the summons by publication.

Candea Balcom next forwards RCW 4.28.100 as authorizing her service by publication. RCW 4.28.100 governs service of a summons by publication, and reads, in pertinent part:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant

6

at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:

(1) When the defendant is a foreign corporation, and has property within the state;

(2) *When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons*, or keeps himself or herself concealed therein with like intent;

(3) When the defendant is not a resident of the state, but has property therein and the court has jurisdiction of the subject of the action.

(Emphasis added.) The Washington Legislature adopted this controlling statute in 1893. LAWS OF 1893, ch. 127, § 9. Candea Balcom relies on subsection 2 of the statute for service by publication on Tamara Bland.

We first mention a requirement for service by publication freestanding from the language of RCW 4.28.100(2). Even if the plaintiff conforms to the requirements of the statutory subsection, the claimant must first show a diligent effort to serve the defendant. *Boes v. Bisiar*, 122 Wn. App. 569, 571, 94 P.3d 975 (2004); *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn. App. 358, 362, 75 P.3d 1011 (2003). Service by publication or mail derogates the common law and cannot be used when personal service is possible. *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 143, 111 P.3d 271 (2005).

Washington courts have held that, when a plaintiff possesses information that might reasonably assist in determining a defendant's whereabouts but fails to pursue that information, the plaintiff has not generated an honest and reasonable effort necessary to

allow for service by publication. *Boes v. Bisiar*, 122 Wn. App. at 575 (2004). To comply with RCW 4.28.100, a plaintiff must make an honest and reasonable effort to find the defendant. *Carson v. Northstar Development Co.*, 62 Wn. App. 310, 315, 814 P.2d 217 (1991). For this reason, an affidavit supporting service by publication should identify steps taken to personally serve the defendant and should demonstrate reasonably diligent efforts to serve the defendant. *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn. App. at 362 (2003); *Bruff v. Main*, 87 Wn. App. 609, 612, 943 P.2d 295 (1997). A plaintiff need not exhaust all conceivable means of personal service before service by publication. *Carson v. Northstar Development Co.*, 62 Wn. App. at 316. A plaintiff need only follow up on that information possessed by the plaintiff which might reasonably assist in determining a defendant's whereabouts. *Carson v. Northstar Development Co.*, 62 Wn. App. at 316.

Under these Washington principles, we need not determine if a plaintiff's affidavit suffices for service by publication if we conclude that the plaintiff did not exercise reasonable endeavors to perfect personal service before seeking publication. We conclude that Candea Balcom failed to exercise due diligence to serve Tamara Bland personally.

Candea Balcom's counsel's declaration claimed a necessity of serving Tamara Bland by publication because she departed Washington State to avoid service and because Balcom does not know if Bland will ever return to the United States.

8

Nevertheless, the declaration fails to mention whether Balcom can personally serve Bland in British Columbia. RCW 4.28.185 authorized Balcom to serve Bland in Canada. The declaration also omitted any mention whether Balcom knows of Bland's address in British Columbia or what steps Balcom exerted to personally serve Bland.

In *Boes v. Bisiar*, 122 Wn. App. 569 (2004), we held that the plaintiff exercised due diligence following an automobile accident, when she in part sought to serve the defendant at the address given in the traffic accident report. In *Parkash v. Perry*, 40 Wn. App. 849 (1985), we held that a plaintiff failed to establish reasonable efforts when he failed to employ information contained in an accident report in order to personally serve the defendant. In *Pascua v. Heil*, 126 Wn. App. 520, 108 P.3d 1253 (2005), we dismissed a motor vehicle accident claim because the plaintiff, before publishing service, failed to seek the current address of the defendant from her father, who resided in Florida and whose address the police report listed. The defendant did not reside in a foreign nation in these three reported decisions, but we discern no reason to distinguish Candea Balcom's circumstances when Washington's long-arm statute authorized service in another country and when Tamara Bland lived closer to Candea Balcom than most Washington residents.

Candea Balcom's attorney declared in his affidavit that Tamara Bland departed Washington State to avoid service and probably resided in Canada. Balcom identified Tamara Bland as a resident of Creston, British Columbia, in her complaint. Nevertheless,

9

RCW 4.28.100(2) permits service by publication, if the defendant avoids service, only on defendants who reside in Washington State. *Pascua v. Heil*, 126 Wn. App. at 533 (2005). No facts in the record suggest Bland ever resided in Washington State. For this additional reason, the trial court correctly rejected service by publication on Tamara Bland.

Candea Balcom also failed to demonstrate that Tamara Bland intended to avoid personal service. The procedural requirements of RCW 4.28.100 must be strictly followed. *Boes v. Bisiar*, 122 Wn. App. at 576 (2004). A conclusory recitation of the requirements of the statute fails to show compliance. *Boes v. Bisiar*, 122 Wn. App. at 575; *Kent v. Lee*, 52 Wn. App. 576, 579-80, 762 P.2d 24 (1988). A bare recitation of the statutory factors required to obtain jurisdiction is insufficient. *Pascua v. Heil*, 126 Wn. App. at 527; *Bruff v. Main*, 87 Wn. App. 609, 612, 943 P.2d 295 (1997). The affidavit submitted pursuant to RCW 4.28.100 must clearly articulate facts to meet the required conditions. *Bruff v. Main*, 87 Wn. App. at 612; *Jones v. Stebbins*, 122 Wn.2d 471, 482, 860 P.2d 1009 (1993). An affidavit that omits the essential statutory elements is as good as no affidavit at all. *Kent v. Lee*, 52 Wn. App. at 579.

Another condition for service by publication under RCW 4.28.100(2) is the defendant's evasion of process. The record must show facts that the defendant left Washington State or concealed herself within the state with the intent to avoid service. In *Pascua v. Heil*, 126 Wn. App. 520, *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn.

App. 358 (2003), *In re Marriage of Powell*, 84 Wn. App. 432 (1996), and *Kent v. Lee*, 52 Wn. App. 576 (1988), we vacated or affirmed the vacation of default judgments because the plaintiff failed to disclose facts indicating that the defendant sought to avoid process. Candea Balcom's counsel's declaration claims that Tamara Bland seeks to avoid service, but the declaration provides no underlying facts supporting this conclusory statement.

Candea Balcom next argues that the trial court's order for summons by publication validates service of process regardless of whether she complied with RCW 4.28.100. We find no decision that expressly holds that an order authorizing publication substitutes for compliance with the statute or a decision that holds to the contrary. Nevertheless, many decisions hold that the plaintiff failed to perfect service by publication despite an initial court order authorizing publication. *Pascua v. Heil*, 126 Wn. App. 520 (2005); *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn. App. 358 (2003); *In re Marriage of Powell*, 84 Wn. App. 432; *Parkash v. Perry*, 40 Wn. App. 849 (1985).

We deem an order authorizing service of process by publication analogous to an order authorizing a search warrant. The warrant order does not preclude the defendant from later challenging the legitimacy of the warrant. An order sanctioning publication should also not preclude the defendant from later challenging service. The defendant never possessed an opportunity at the time of the entry of the order to object to the order authorizing publication. Due process constraints generally require a meaningful opportunity to be heard before a party may be permanently bound by an order. *State v.*

11

*Townsend*, 2 Wn. App. 2d 434, 443, 409 P.3d 1094 (2018).

Balcom forwards *Ashley v. Superior Court*, 83 Wn.2d 630, 521 P.2d 711 (1974), for her contention that the original court order excuses her noncompliance with RCW 4.28.100. The *Ashley* court allowed an indigent wife to serve process by mail in a divorce proceeding. Candea Balcom does not claim indigency.

Candea Balcom also argues that she satisfied due process since she mailed the summons and complaint to the parties. Even if we assumed Tamara Bland received the summons and complaint in the mail, we would still reject the argument.

We may question the need for perfection of service of process by personal service, when a defendant learns of the pending litigation and suffers no prejudice as a result of a defect in service. Nevertheless, the legislature controls methods of service, and jurisdiction necessitates obedience to statutory requirements regardless of whether another method of service fulfills due process. Mere receipt of process and actual notice alone do not establish valid service of process. *Haberman v. Washington Public Power Supply System*, 109 Wn.2d at 177 (1987). Because substitute and constructive service are not the ideal methods of providing such notice, an order authorizing such service must not be based on conclusory statements, and an authorizing judge must closely scrutinize the facts provided, rather than merely serving as a rubber-stamp, to ensure that the plaintiff employs substitute or constructive service as a last resort. *Pascua v. Heil*, 126 Wn. App. at 528 (2005).

Service of Process - J.H. Huscroft

Candea Balcom relies on RCW 4.28.100(1) for perfection of service on the corporation, J.H. Huscroft. This statutory subsection allows service of process when the plaintiff or her counsel files an affidavit indicating she cannot locate the defendant within the state of Washington and the defendant is a foreign corporation with property within the state.

We assume that the collision report also listed the business address of J.H. Huscroft. We readily found the street address of J.H. Huscroft on the company's website. We assume that Balcom knew the corporation's address since she asserts that she mailed a copy of the summons and complaint to the company. Still, Balcom chose not to perform personal service.

No Washington decision confronts whether a plaintiff must exhaust reasonable efforts for personal service of a foreign corporation before service by publication under RCW 4.28.100(1). Cases that have held that a plaintiff must engage in honest and reasonable efforts to find the defendant before service by publication do not distinguish between natural persons and corporations as defendants. Decisions standing for this proposition involve natural persons as defendants. *Schmelling v. Hoffman*, 111 Wash. 408, 414, 191 P. 618 (1920); *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wn. App. at 363 (2003); *Bruff v. Main*, 87 Wn. App. at 612 (1997); *Kent v. Lee*, 52 Wn. App. at 578 (1988); *Longview Fibre Co. v. Stokes*, 52 Wn. App. 241, 245, 758 P.2d 1006 (1988);

13

*Painter v. Olney*, 37 Wn. App. 424, 427, 680 P.2d 1066 (1984). Reasonable diligence to serve may not be required because RCW 4.28.100(1), unlike RCW 4.28.100(2), does not entail a defendant concealing herself or itself. Therefore, we base our decision on another ground.

Many of the same principles that apply to service of process on Tamara Bland apply to perfection of service on J.H. Huscroft, Ltd. We rely on the principles that the procedural requirements of RCW 4.28.100 must be strictly followed. *Boes v. Bisiar*, 122 Wn. App. at 576 (2004). The affidavit submitted pursuant to RCW 4.28.100 must clearly articulate facts to meet the required conditions. *Bruff v. Main*, 87 Wn. App. at 612 (1997); *Jones v. Stebbins*, 122 Wn.2d at 482 (1993).

Candea Balcom's counsel's declaration failed to mention whether J.H. Huscroft exists as a foreign corporation. We might excuse this omission because the declaration states that counsel cannot find any authorized representative of the corporation in the state of Washington. Nevertheless, the declaration also failed to aver that J.H. Huscroft owns any real or personal property in Washington, let alone identify any such property. Balcom argues in her appellate brief that J.H. Huscroft, if nothing else, owned the truck that caused the accident and the truck is or was in Washington State. Nevertheless, although Candea Balcom pled this alleged fact in her complaint, she did not place the purported fact in the declaration in support of publication, let alone provide underlying facts to support the allegation.

In support of service on J.H. Huscroft, Candea Balcom asserts similar arguments asserted with regard to service on Tamara Bland, such as the order authorizing publication excuses any violation of RCW 4.28.100 and J.H. Huscroft received actual notice. We respond with the same answers.

We note *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581 (2010). In *Ralph's Concrete Pumping*, the plaintiff attempted to serve a Canadian corporate defendant by mail. The defendant did not answer or otherwise respond, and the trial court entered a default judgment. This court vacated the judgment. We rejected the plaintiff's argument that, by mailing the summons and complaint to the Canadian defendant, it complied with CR 4(i)(1)(D). This court noted that Washington's long-arm statute expressly provides for personal service of a summons on an out-of-state defendant.

## ATTORNEY FEES

Candea Balcom and Tamara Bland both ask this court to award reasonable attorney fees. Since Balcom loses the appeal, we deny her fees.

Tamara Bland requests reasonable attorney fees under RAP 18.9(a), which authorizes the appellate court to award compensatory damages when a party files a frivolous appeal. In determining whether an appeal is frivolous, we consider, among other principles, a party's right to appeal, that all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant, and that an appeal that is affirmed

15

No. 35275-7-III
*Balcom v. Bland*

simply because the arguments are rejected is not frivolous. *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005). An appeal is not frivolous when the appellant presents a legitimate argument for an extension of law. *Harrington v. Pailthorp*, 67 Wn. App. 901, 913, 841 P.2d 1258 (1992).

We easily reject all of Candea Balcom's contentions based on settled law. Nevertheless, Balcom submits some debatable arguments to modify the law or extend some principles of law. Therefore, we deny Tamara Bland's request for reasonable attorney fees.

## CONCLUSION

We affirm the dismissal of Candea Balcom's complaint with prejudice because of ineffective service of process.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

16