[No. 12600-1-II.   Division Two.   September 17, 1990.]

FRANK BRENNAN, ET AL, *Respondents*, v. JERRY HURT, ET AL, *Appellants*.

*Ralph E. Olson* and *Olson & Althauser,* for appellants.

*Brian L. McCoy,* for respondents.

WORSWICK, J.—Jerry and Juanita Hurt appeal an order denying their motion to vacate a default judgment. The judgment had been entered after they failed to respond to service by publication. The dispositive issue is not whether the original affidavit supporting publication was sufficient, but whether the trial court properly denied the Hurts' postjudgment CR 60(b) motion. We affirm.

The Hurts hired Frank Brennan to repair their fishing boat in October 1982. Brennan sent the repair bills to Angove Accounting, South Bend, in accordance with the Hurts' instructions. He wasn't paid, so Brennan filed a complaint for breach of contract in Pacific County Superior Court on June 29, 1983. The sheriff's return of service said: "deputy advises unable to serve—have left area—house appears empty—boat seized by U.S. Marshal."

Brennan then sought service by publication under RCW 4.28.100.[1] His affidavit in support of publication averred

---

[1] RCW 4.28.100 states in part: "When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons . . . and complaint in the post office, directed to the defendant at his place of residence, . . . and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

" . . . .

"(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid service of summons, or keeps himself concealed therein with like intent;

"(3) When the defendant is not a resident of the state but has property therein and the court has jurisdiction of the subject of the action[.]"

"due and diligent inquiry of and among the former neighbors and associates of Defendants residing in Pacific County," and stated that the Hurts were residents who had left the state to avoid service of summons but had property in the state within the jurisdiction of the court. The summons was published and, when the Hurts failed to appear, an order of default and a judgment in the amount of $6,514.21 were entered against them.

Five years later, Brennan located the Hurts in Oregon and garnisheed their property there. The Hurts attempted to obliterate the writ of garnishment by attacking the Pacific County default judgment,[2] claiming improper service by publication and, therefore, lack of personal jurisdiction. The Hurts' fundamental contention, one of substance, is that Brennan did not exercise due diligence in attempting to locate them before he effected service by publication. We disagree. The search was adequate *as disclosed by the postjudgment record.*

Two distinct issues are presented: (1) Was the original affidavit sufficient? We hold that it was not. (2) Was the trial court's ruling on the postjudgment CR 60(b) motion proper? We hold that it was.

Strict compliance with the statute is required for jurisdiction to attach when a summons is served by publication. *Kent v. Lee,* 52 Wn. App. 576, 579, 762 P.2d 24 (1988); *Longview Fibre Co. v. Stokes,* 52 Wn. App. 241, 244, 758 P.2d 1006 (1988); *Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied,* 102 Wn.2d 1002 (1984). Affidavits supporting service by publication must set forth *facts,* not just conclusions, showing a reasonably diligent search; a simple averment that a defendant cannot be found within the state is insufficient. *Kent v. Lee,* 52 Wn. App. at 579–80. Here, the deputy's return of service and

---

[2]The Hurts' motion cites no supporting rule, but CR 60(b)(5) allows relief from a judgment if the judgment is void. Further, a default judgment entered without valid service is void and may be vacated when the want of jurisdiction is established, regardless of the passage of time. *Brenner v. Port of Bellingham,* 53 Wn. App. 182, 188, 765 P.2d 1333 (1989).

Brennan's original affidavit in support of service were insufficient for want of any *facts* showing a diligent search within the state of Washington. *See Longview Fibre*, 52 Wn. App. at 245; *Kent*, 52 Wn. App. at 579. Had jurisdiction been attacked before judgment (for example, during the 60–day period for answer allowed by CR 12(a)(2)), the trial court would have been required to dismiss.

■■ A different standard applies, however, to post-judgment motions where, as here, the order of default or the judgment under attack recites service sufficient to confer jurisdiction. In such cases, a presumption of jurisdiction arises. *Burns v. Stolze*, 111 Wash. 392, 191 P. 642 (1920). That presumption can be overcome by a showing that publication was based on a defective affidavit, and the presumption will not insulate a judgment from attack if nothing else comes before the court after judgment to fortify the adequacy of the original search. *See Burns v. Stolze, supra; Longview Fibre Co.*, 52 Wn. App. at 244.

That a factual inquiry would be in order in a post–judgment proceeding was recognized early in *Gould v. White*, 54 Wash. 394, 103 P. 460 (1909). *Gould* was an appeal from a decision in an attack on a previously entered tax foreclosure judgment. Appellants in *Gould* proved that the defendants in the tax foreclosure proceeding did not appear, were not personally served, and that the record showed only that a statutorily defective summons was published. The court stated:

> This, in our opinion, made out a *prima facie* case in their behalf; the presumption in favor of jurisdiction was overcome, *and the burden of proof shifted to the respondents to show that a valid service of process was made.*

(Some italics ours.) *Gould v. White*, 54 Wash. at 397. The court stated that the time, place, and manner of publication were within the knowledge of respondents, and it "imposes no hardship on them to require them to produce such proofs." *Gould*, 54 Wash. at 397. We believe that *Gould* stands for the proposition that what appears prima facie to

be defective service can be cured if attacked in a postjudgment proceeding by a factual showing that a proper basis for substitute service in fact existed.

Although an affidavit supporting substitute service is scrutinized strictly in a prejudgment proceeding, the issue before the court on a postjudgment CR 60(b) motion is: what *in fact* did the plaintiff do before seeking service by publication. *Cf. Brenner v. Port of Bellingham,* 53 Wn. App. 182, 187, 765 P.2d 1333 (1989) (after party presents factual evidence that affidavit supporting publication does not comply with statute, burden shifts to other party to show evidence that reasonable search was made). In our view, CR 60(b) speaks to substance, not form. *See First Fed. Sav. & Loan Ass'n v. Ekanger,* 93 Wn.2d 777, 781, 613 P.2d 129 (1980) (wherever possible, rules of civil procedure should be applied so substance will prevail over form).[3]

Here, Brennan filed five affidavits, in opposition to the motion to vacate, containing detailed evidence showing that the Hurts' boat was found abandoned in California; that the Hurts were in Texas during part of the time in 1983 that Brennan searched for them; that inquiries at Angove Accounting revealed no money with which to pay Brennan; and that Pacific County sheriff's deputies were attempting to serve the Hurts in three other legal matters during the 1983 period in question. We agree with the trial court that these affidavits in substance show that Brennan made "an honest and reasonable effort" to find the Hurts; the law requires no more. *See Longview Fibre Co.,* 52 Wn. App. at 245; *Painter v. Olney,* 37 Wn. App. at 426–27. In view of

---

[3]The dissent, at 322, disclaims "an overnice technical disputation as to the sufficiency of the original affidavit." To the contrary, the dissent seems based entirely on technical disputation, for it would never allow an inquiry outside of the affidavit, whereas our analysis, unrefuted by the dissent's citations of authority, recognizes that the presumption of validity attaching to judgments distinguishes a prejudgment inquiry about service from a postjudgment inquiry, and that the latter properly focuses on what really happened rather than exclusively on what an affidavit says.

Brennan's showing of what efforts in fact were made, the court properly denied the CR 60(b) motion to vacate.

Affirmed.

ALEXANDER, C.J., concurs.

REED, J. (dissenting)—The majority has determined that the dispositive inquiry in this case is not whether a sufficient affidavit has been filed in support of publication of service but whether, under a postjudgment (CR 60(b)) analysis of the search underlying the affidavit, the judgment rendered is void. I disagree.

The majority holds that Brennan's affidavit in support of publication was insufficient to warrant publication, and I agree. They do not, however, find that infirmity fatal to service or to jurisdiction, because they have based their analysis of the validity of the judgment on a review of the postjudgment record. They state that their analysis would be different if jurisdiction had been attacked before the entry of judgment and conclude that, in such a case, the trial court would have been required to dismiss.[4]

Although a presumption of jurisdiction arises from a recital in a default judgment that valid service was made, *Longview Fibre Co. v. Stokes*, 52 Wn. App. 241, 244, 758 P.2d 1006 (1988); *Burns v. Stolze*, 111 Wash. 392, 191 P. 642 (1920), that presumption is overcome in a case of service by publication alone, by showing that publication was based on a defective affidavit. *Burns v. Stolze, supra*. As recognized in *Stolze*, the plaintiff may yet prevail by a postjudgment showing that service was effected by some other method. That was not the case in *Stolze*, however, and it was not the case here. The majority incorrectly permits the Brennans to validate the judgment by proof offered to "fortify the adequacy of the original *search.*" (Italics mine.) Majority, at 318.

---

[4]The majority leaves unanswered the question of how a party who has never received notice that a lawsuit has been commenced against him or her could possibly attack jurisdiction prior to the entry of a default judgment.

Again I would emphasize that the *Stolze* court looked at the postjudgment record and determined that no other means of *service* not of *searching,* was employed, stating that "the petition [to vacate] and the answer thereto read together show conclusively that the only attempt to bring the petitioner into court in the original case was by virtue of the published summons, based upon the defective affidavit." *Stolze,* 111 Wash. at 397.

*Gould v. White,* 54 Wash. 394, 103 P. 460 (1909) did not, as the majority seems to believe, permit a tardy showing that "a proper basis for substitute service in fact existed." Majority, at 319. Rather, the *Gould* court would have permitted the plaintiff to show that valid publication of process had in fact taken place. *Gould* did not address the sufficiency of an affidavit underlying publication.

This court has long held that in order for jurisdiction to attach when a summons is served by publication, there must be strict compliance with the statutory requirements. *Longview Fibre Co. v. Stokes,* 52 Wn. App. 244, 758 P.2d 1006 (1988); *Kent v. Lee,* 52 Wn. App. 576, 579, 762 P.2d 24 (1988). As stated in *Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied,* 102 Wn.2d 1002 (1984):

> First and basic to any litigation is jurisdiction. First and basic to jurisdiction is service of process. Statutes authorizing service by means other than personal service, *i.e.,* constructive and substituted service, require strict compliance.

A sufficient affidavit for publication is as essential to obtaining jurisdiction as the publication of the summons itself. If it does not contain statutorily required statements, it is not sufficient to authorize publication as a means of conferring jurisdiction. *Burns v. Stolze,* at 395 (citing *Felsinger v. Quinn,* 62 Wash. 183, 113 P. 275 (1911)). *Felsinger* further held at page 185:

> An attempted affidavit for service by publication which entirely omits allegations expressly required by the statute is without vitality or force, and when filed leaves the party, on whose behalf it is made, in no better position than if no affidavit had been filed.

Brennan's five affidavits filed after the fact were more extensive in setting out his efforts to locate the defendants and might have been sufficient to confer jurisdiction upon the superior court, had they been filed in addition to or instead of the brief affidavit originally filed. Without them, however, that affidavit did not strictly comply with statutory requirements and was facially defective. As such, it was sufficient to overcome the jurisdictional presumption recited in the judgment.

Citing *Brenner v. Port of Bellingham,* 53 Wn. App. 182, 765 P.2d 1333 (1989), the majority goes on to state that the inquiry on a CR 60(b) motion is: what in fact did the plaintiff do before seeking service by publication. Again, I submit that is not the inquiry. What the plaintiff in fact did is a question of diligence that is unrelated to the sufficiency of the affidavit for publication, because it is a question of the *truth* of that affidavit and arises only *after* sufficiency has been established. It does not itself establish statutory sufficiency. To that extent, the *Brenner* analysis also is wrong. There, the court stated that, once a defendant overcomes the presumption of jurisdiction, the burden shifts to the plaintiff "to produce evidence that a reasonable search was made." *Brenner,* 53 Wn. App. at 187. As I hope I have made clear, that is not the burden that shifts. As noted above, the burden that shifts is that which requires a plaintiff to show that some other valid process was used to bring the defendant into court. In other words, that some other method of service was made. *Stolze,* 111 Wash. at 397.

While I am not inclined to burden a plaintiff with the vacation of a judgment entered on its behalf when due diligence in fact has been exercised, we must adhere to the jurisdictional requirements upon which a judgment must be founded. My analysis is not based upon an overnice technical disputation as to the sufficiency of the original affidavit. The very question of the validity of jurisdiction itself underlies this dissent, for jurisdiction is the power to hear and determine. *In re Estate of Brown,* 7 Wn.2d 717, 723,

110 P.2d 867 (1941). Either a court has jurisdiction, or it does not. "If it does not have jurisdiction, any judgment entered is void *ab initio* and is, in legal effect, no judgment at all." *Wesley v. Schneckloth,* 55 Wn.2d 90, 93–94, 346 P.2d 658 (1959).

The law is there to be read. As I read it, the Superior Court was without jurisdiction to authorize service by publication. Service not having been accomplished by any other method, the judgment premised upon publication was void and should have been vacated. Therefore, I respectfully dissent.

Review denied at 116 Wn.2d 1002 (1991).