IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| MARK S. HAMLIN, | ) | No. 73507-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AVIS ROBINSON HAMLIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 14, 2016 |

SCHINDLER, J. — Avis Hamlin appeals the order denying her motion to vacate a default judgment. Avis contends the judgment is void because the declaration in support of service by publication did not meet the statutory requirements. Because there is no dispute the plaintiff made diligent efforts to personally serve Avis and the declaration set forth facts supporting the conclusion that Avis was trying to avoid service of process, we affirm.

FACTS

Mark Hamlin filed a summons and a complaint for personal injuries against his mother Avis Hamlin in August 2012. The attorney representing Mark confirmed Avis's current home address as 3103 16th Avenue South in Seattle.[1] The attorney retained

---

[1] Because the parties share the same last name, we refer to them by their first names for clarity.

ABC Legal Services (ABC) to personally serve Avis with the summons and complaint. ABC made seven unsuccessful attempts to serve Avis.

On September 10, Mark filed a motion for an order authorizing service by publication. Mark's attorney submitted a declaration in support of the motion and the ABC "Process Service Detail" report. The attorney states:

> 1. Plaintiff's counsel used two electronic databases to locate Avis Robinson Hamlin in this State: Westlaw and Address Screener. Using the information obtained from these databases, Plaintiff's counsel has attempted to personally serve Ms. Hamlin (via ABC Legal Services) at her current address. See Ex. 1.
> 2. ABC Legal Services advises they can tell Defendant Hamlin is inside the home, but she will not open the door.
> 3. In light of the above, Plaintiff's counsel has a good faith belief that Defendant Hamlin is concealing herself in the State to avoid service of process.
> 4. A copy of the Summons, Complaint and Civil Case Schedule has been placed in the mail directed to Defendant Hamlin at her place of residence.

The ABC Process Service Detail report shows the process server attempted to serve Avis seven different times at 3103 16th Avenue South. On five occasions, the entry gate was locked preventing access to the front door. The other times, the entry gate was unlocked but no one answered the front door. The report notes a neighbor confirmed Avis lived at that address but "very rarely does she go outside." The report describes the dates of attempted service of process and "Service Events:"

| Occurred | Service Events |
| --- | --- |
| 08/21/2012 16:57 (47.5754,-122.313) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No access to subject's door. Same situation |
| 08/24/2012 18:29 (47.5759,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No access to subject's door. Same situation |

| 08/30/2012 20:09 (47.5761,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No Answer at door, no noise inside, no movement inside and lights on inside. Entry gate was unlocked. No response. |
|---|---|
| 09/01/2012 15:33 (47.576,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No answer at door, no noise inside, no movement inside and no lights. |
| 09/02/2012 11:42 (47.576,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No access to subject's door. Entry locked. |
| 09/04/2012 19:08 (47.5761,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No access to subject's door. Entry gate locked. Spoke with the neighbor on the left sis [sic] of address. They said subject does live there. But very rarely does she go outside. |
| 09/05/2012 13:52 (47.5761,-122.312) | Attempt made at 3103 16TH AVE S, SEATTLE, WA 98144: No access to subject's door. Same situation |

| Entered | Notifications |
|---|---|
| 09/07/2012 14:42 | Per Darla: needs dons [sic] includine [sic] the neighbor stating subject is a recluse. |

The court granted Mark's motion for service by publication. The order states,

"[T]he summons in this matter may be served on the nonmoving party by publication in conformity with RCW 4.28.100."

Beginning in September 2012, Mark published a "Summons by Publication" in The Daily Journal of Commerce for six consecutive weeks. The Summons by Publication states:

**SUMMONS BY PUBLICATION**
**Superior Court No. 12-2-26519-4 SEA**
IN THE SUPERIOR COURT of the State of Washington in and for the County of King.
**Mark S. Hamlin, Plaintiff, v. Avis Robinson Hamlin, Defendant. No. 12-2-26519-4 SEA.** Summons by Publication.
The State of Washington to: Avis Robinson Hamlin
You are hereby summoned to appear within sixty days after the date of the first publication of this summons, to wit, within sixty days after the 11th day of September, 2012, and defend the above entitled action in

3

the above entitled court, and answer the complaint of Plaintiff Mark Hamlin, and serve a copy of your answer upon the undersigned attorneys for Plaintiff Mark Hamlin at their office below stated; and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint, which has been filed with the clerk of said court.

This action is for damages as a result of assault and battery.

Dated this 10th day of September, 2012.

SCHROETER, GOLDMARK & BENDER, REBECCA J. ROE, WSBA #7560, Counsel for Plaintiff, 810 Third Avenue, Suite 500, Seattle, WA 98104. Phone (206) 622-8000.

Date of first publication in the Seattle Daily Journal of Commerce, September 11, 2012.

10/16(288258).

On September 13, Mark also mailed a copy of the summons, complaint, and order setting civil case schedule to Avis at 3103 16th Avenue South. The summons, complaint, and order setting civil case schedule mailed to Avis were not returned.

A year later, Mark filed a "Motion for Order of Default of Defendant Avis Robinson Hamlin." Mark mailed a copy of the motion to Avis at the 3103 16th Avenue South address. Avis did not respond. On September 13, 2013, the court entered an order of default against Avis.

In early 2014, Mark filed a motion for entry of a default judgment. Mark noted the motion for a hearing on March 14. Mark mailed a copy of the notice of entry of a default judgment to Avis at 3103 16th Avenue South by regular and certified mail. Mark also published a copy of the "Note for Motion Docket" in The Daily Journal of Commerce. The published note states:

**NOTE FOR MOTION DOCKET**
**Superior Court No. 12-5-26519-4 SEA**

IN THE SUPERIOR COURT of the State of Washington for the county of King.

**Hamlin vs. Hamlin. No. 12-5-26519-4 SEA.** Note for Motion Docket Seattle Courthouse Only. (Clerk's Action Required NTMTDK.)

To: The Clerk of the Court and to all other parties listed below:

4

Please take notice that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.
Calendar Date:  March 14, 2014
Day of Week:  Friday.
Nature of Motion:  Motion for Default Judgment.

Avis did not respond.  On March 28, 2014, the court entered findings of fact, conclusions of law, and judgment against Avis for $500,000 plus statutory costs and attorney fees.

Approximately a year later on April 3, 2015, Avis filed a motion to vacate the default judgment.  Avis argued the attorney's declaration did not comply with the statutory requirements for service by publication.

In opposition, Mark's attorney submitted another declaration with a community property agreement showing that Avis has lived at 3103 16th Avenue South in Seattle since 1977; the motion and declaration for service by publication; the affidavit of publication; and proof showing that Mark mailed the summons, complaint, and order setting civil case schedule to Avis.

The court denied the motion to vacate the default judgment.  Avis appeals.

ANALYSIS

Avis asserts the court erred in denying her motion to vacate the default judgment because the declaration submitted in support of the motion for service by publication does not satisfy the requirements of RCW 4.28.100(2).  Mark contends he met the statutory requirements for service by publication under RCW 4.28.100(2).

"A default judgment entered without personal jurisdiction is void." Ha v. Signal Elec., Inc., 182 Wn. App. 436, 447, 332 P.3d 991 (2014).  "Proper service of the

5

summons and complaint is essential to invoke personal jurisdiction." Scanlan v.

Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).[2]

We review de novo the trial court's decision to deny a CR 60(b) motion to vacate

a default judgment for failure to comply with the requirements for service of process.

Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).

RCW 4.28.100 authorizes service by publication. RCW 4.28.100(2) states, in

pertinent part:

> **Service of summons by publication—When authorized.** When the
> defendant cannot be found within the state, and upon the filing of an
> affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the
> court, stating that he or she believes that the defendant is not a resident of
> the state, or cannot be found therein, and that he or she has deposited a
> copy of the summons (substantially in the form prescribed in RCW
> 4.28.110) and complaint in the post office, directed to the defendant at his
> or her place of residence, . . . and stating the existence of one of the
> cases hereinafter specified, the service may be made by publication of the
> summons, by the plaintiff or his or her attorney in any of the following
> cases:
>
> . . . .
>
> (2) When the defendant, being a resident of this state, . . . avoid[s]
> the service of a summons, or keeps himself or herself concealed therein
> with like intent.

Under RCW 4.28.100(2), a party seeking an order allowing service by publication

must (1) demonstrate that he made reasonably diligent efforts to personally serve the

defendant and (2) set forth facts supporting a conclusion that the defendant was

concealing herself to avoid service of process. Boes v. Bisiar, 122 Wn. App. 569, 574,

94 P.3d 975 (2004); Rodriguez v. James-Jackson, 127 Wn. App. 139, 144, 111 P.3d

271 (2005); Bruff v. Main, 87 Wn. App. 609, 612, 943 P.2d 295 (1997). While the

---

[2] Internal quotation marks omitted.

plaintiff's declaration must "clearly articulate facts," the declaration need "not clearly prove intent to avoid service." Boes, 122 Wn. App. at 577.[3]

Because service by publication is "in derogation of the common law," a party must strictly comply with the statute authorizing service by publication. Rodriguez, 127 Wn. App. at 143. We determine strict compliance on a case-by-case basis. Boes, 122 Wn. App. at 576.

Here, there is no dispute Mark made reasonably diligent efforts to personally serve Avis. The parties dispute whether the attorney declaration set forth facts supporting the conclusion that Avis was concealing herself to avoid service of process. Where a defendant challenges the sufficiency of service and the plaintiff submits a supplemental declaration, we consider both the original declaration and the declaration submitted after the challenge to service by publication. Boes, 122 Wn. App. at 574; Dobbins, 88 Wn. App. at 872-73; Brennan v. Hurt, 59 Wn. App. 315, 318-19, 796 P.2d 786 (1990).

Avis contends there is no foundation for the attorney's assertion that "Plaintiff's counsel has a good faith belief that Defendant Hamlin is concealing herself in the State to avoid service of process." Avis argues the attorney's statement that "ABC Legal Services advises they can tell Defendant Hamlin is inside the home, but she will not open the door," is the "entire basis" for granting the motion for service by publication. The record does not support her argument.

The declaration filed by Mark's attorney in support of the motion for publication shows the attorney used two different electronic databases to ascertain Avis's current address was 3103 16th Avenue South in Seattle. The community property agreement

---

[3] Emphasis in original.

attached to the later declaration confirms that Avis has lived at 3103 16th Avenue South since at least 1977.

The attorney retained ABC to personally serve Avis at 3103 16th Avenue South. The attorney declaration establishes the ABC process server made seven different but unsuccessful attempts to serve Avis at that address. Further, Avis does not dispute that she lives at 3103 16th Avenue South in Seattle. Nor does Avis contend she was not home during any of the seven attempts to serve her at that address.

The record also establishes the attorney mailed copies of the summons and complaint, the motion for default, and notice of the entry of the default judgment to Avis at 3103 16th Avenue South and the mail was never returned.

The facts set forth in the declarations support a conclusion that Avis was concealing herself to avoid service of process.

The cases Avis relies on are distinguishable. In Rodriguez, the plaintiff did not make an " 'honest and reasonable effort' " to locate the defendant, and "[t]he reason [the defendant] moved to Texas was because her husband took a job in a school outside of Houston, not to avoid service of process." Rodriguez, 127 Wn. App. at 145-46. In Kent v. Lee, 52 Wn. App. 576, 580, 762 P.2d 24 (1988), the court held the affidavits "set forth no facts—and not even an allegation—that [the defendant] was a Washington resident, and it is now apparent that there are no such facts." In Charboneau Excavating, Inc. v. Turnipseed, 118 Wn. App. 358, 363-64, 75 P.3d 1011 (2003), the court concluded the plaintiff "did not exercise reasonable diligence" to locate and serve the defendant, and "[n]othing in the record shows that [the defendant] was trying to conceal himself to avoid service of process."

Because the record shows Mark satisfied the statutory requirements for service by publication under RCW 4.28.100(2), we affirm the order denying the motion to vacate the default judgment.

Schindler, J.

WE CONCUR:

Trickey, J.

Dwyer, J.