IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| VICKI POSA, | ) | No. 32910-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN AND LINDA ROBEL, AND THE | ) | |
| MARITAL COMMUNITY COMPRISED | ) | |
| THEREOF, DOING BUSINESS AS | ) | |
| ROBEL'S ORCHARD AND JOHN | ) | |
| DOES 1-4, AND CORPORATION ABC, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Vicki Posa appeals from an order dismissing her personal injury claim against John and Linda Robel based on improper service of process. Because Ms. Posa's affidavits in support of service by mail were sufficient to allow substitute service, we reverse the order of dismissal and the related award of attorney fees and remand this case to the superior court for further proceedings.

FACTS

On July 20, 2010, Ms. Posa went to Robel's Orchard, owned and operated by the Robels, to pick cherries. While there, she somehow fell off a ladder and sustained

multiple injuries.[1] On July 18, 2013, Ms. Posa filed a complaint seeking compensation for her injuries in Spokane County Superior Court.

On October 16, 2013, Ms. Posa filed a motion for service by mail with the superior court. The materials in support of the motion included affidavits from Ms. Posa's counsel and a process server. Counsel's affidavit contained the following assertions: (1) counsel attempted personal service four times at the Robels' home address, (2) the Robels knew about the lawsuit as they had communicated with their insurance company about it, (3) the Robels were purposefully avoiding service of process, (4) after the first attempt at service, the Robels posted a sign indicating they intended to shoot any intruders, (5) on one attempt, despite seeing many cars parked outside the Robels' house, no one answered the door when the process server knocked several times over the course of two hours, and (6) service by mail would accomplish service of process. The process server's affidavit contained the following assertions: (1) he attempted service twice, (2) on October 12, 2013, he saw many cars outside and believed someone was home yet no one answered the door over the course of a two-hour span, (3) a neighbor confirmed Mr. Robel lived at the address, (4) the following day when he attempted to serve the Robels, a "no trespass" sign

---

[1] While the parties dispute exactly how the accident happened, those facts are immaterial to this appeal.

2

was posted along with a sign indicating all intruders would be "shot," [2] (5) a man who appeared to be Mr. Robel drove up the driveway toward the house yet, despite being close enough to see and hear the process server ask him his identity and ask to talk to him, the driver turned around and drove away, (6) the process server left the summons and complaint taped to the Robels' door, and (7) he believed Mr. Robel was attempting to avoid service.

The superior court commissioner granted Ms. Posa's motion for service by mail. The commissioner's order stated Ms. Posa appeared to have "made numerous attempts to serve the [Robels] in person" and it appeared the Robels were "purposefully avoiding service of process." CP at 10.

After filing a notice of appearance, the Robels moved for summary judgment. The Robels argued that service was improper because Ms. Posa's affidavits supporting service by mail were insufficient.[3] The superior court ultimately granted the Robels' motion, dismissed the case, and awarded the Robels attorney fees and costs.

---

[2] Clerk's Papers (CP) at 23.

[3] The Robels also moved for summary judgment on the basis Ms. Posa could not maintain a negligence claim. However, they later withdrew that argument.

ANALYSIS

Washington law favors personal service. Service by other means, i.e., constructive or substitute service, "is in derogation of the common law and cannot be used when personal service is possible." *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 143, 111 P.3d 271 (2005). In order to utilize substitute service by mail, a plaintiff must seek authorization from the trial court. CR 4(d)(4). This entails filing an affidavit establishing the following factual elements: (1) after a diligent search, the defendant could not be found in Washington, (2) the defendant is a resident of Washington, and (3) the defendant either left the state or concealed himself within it, with the intent to defraud creditors or avoid service of process. *Pascua v. Heil*, 126 Wn. App. 520, 526, 108 P.3d 1253 (2005).[4]

In a prejudgment proceeding challenging the sufficiency of a motion for substitute service, our review is limited to the adequacy of the plaintiff's original application for substitute service. *Brennan v. Hurt*, 59 Wn. App. 315, 318, 796 P.2d 786 (1990). The task is similar to the review of a search warrant: what matters is not what actually happened but rather what information was in front of the commissioner at the time of

---

[4] The Robels' suggestion that a plaintiff must also attempt service by publication prior to service is not supported by any legal authority and, therefore, will not be addressed. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012).

4

authorization. *Pascua*, 126 Wn. App. at 527.[5] While a conclusory recitation of the required elements is not sufficient, a plaintiff need not ultimately prove the veracity of claims made in an affidavit. *Boes v. Bisiar*, 122 Wn. App. 569, 577, 94 P.3d 975 (2004).

Here, the parties dispute whether Ms. Posa's affidavits satisfied the first and third prerequisites for service by mail: a diligent search and facts suggesting intent to defraud. The record readily supports diligence. This is not a case where Ms. Posa's supporting affidavits were purely conclusory. The affidavits explained two of the four attempts at service in detail.[6] Nor is this a case where Ms. Posa failed to pursue reasonable leads to locate the Robels' residence. To the contrary, it is undisputed that Ms. Posa's counsel and process server accurately located the Robels' home. The only real dispute is whether, based on the contents of the affidavits, it was reasonable for Ms. Posa to cease her attempts at personal service, based on a reasonable inference that the Robels willfully intended to avoid service. We conclude that it was.

---

[5] For this reason, we do not consider the Robels' factual submissions, asserting that they did not intend to evade service. *Boes v. Bisiar*, 122 Wn. App. 569, 578-79, 94 P.3d 975 (2004).

[6] After the commissioner's order authorizing service by mail was entered, Ms. Posa's counsel filed an affidavit of nonservice, detailing the two additional attempts at service. Because these details were not in front of the commissioner at the time of the order authorizing service by mail, they will not be considered. *Pascua*, 126 Wn. App. at 528.

5

While the fact that a defendant does not come to the door or is aware he is named in a lawsuit does not necessarily mean he is trying to conceal himself, Ms. Posa's affidavits contain other facts that, when looked at in combination with these two things, are sufficient to infer the Robels intended to avoid service. *See Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995); *In re Marriage of Logg*, 74 Wn. App. 781, 784, 875 P.2d 647 (1994). Concealment involves a "[w]illful evasion of process." *Brown v. ProWest Transp. Ltd.*, 76 Wn. App. 412, 421, 886 P.2d 223 (1994) (defining concealment under the terms of RCW 4.16.180, which tolls the statute of limitations due to the concealment of the defendant). The Robels had notice of this lawsuit as they had communicated with their insurance company about it. On the first visit to the Robels' home, the process server believed someone was in the house despite no one answering the door. On the following visit, a "no trespass" sign was posted along with a sign indicating all intruders would be "shot." CP at 23. The process server saw a man he believed to be Mr. Robel, based on a neighbor's description, drive up to the house; the man turned around and drove away after the process server tried to talk to him. Posting a no trespassing sign and driving away from the process server in light of the knowledge of a pending lawsuit allows one to infer an intent to avoid service.

No. 32910-1-III
*Posa v. Robel*

Because service by mail was sufficient and service was commenced within the 90 day timeframe provided for by RCW 4.16.170, the superior court's dismissal of Ms. Posa's lawsuit was in error. The court's award of attorney fees against Ms. Posa was likewise in error. The superior court's order of dismissal and award of attorney fees are therefore reversed. This matter is remanded to the superior court for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                          Korsmo, J.

7