# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Welfare of<br>S.W.C. and E.W., | No.  48271-1-II |
| Minor Children, | (Consolidated with<br>No.  48281-9-II) |
| M.Z.; S.Z., | |
| Appellants, | |
| v. | |
| A.T.; A.W.; WASHINGTON STATE<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — M.Z. and S.Z. appeal the superior court's order vacating a nonparental custody decree that had given M.Z. and S.Z. nonparental custody of S.W.C. and E.W.  They also appeal the superior court's denial of their motion for revision and the court's dismissal of their petitions for nonparental custody.

M.Z. argues that the trial court erred by (1) vacating the nonparental custody order as to S.W.C.  M.Z argues that A.W. did not have standing to challenge the order as to S.W.C. because substantial evidence that A.W. was not S.W.C.'s biological father overcame the statutory presumption that a man is the father of a child born to the man's legal wife.[1]

---

[1] RCW 26.26.116(1)(d).

No. 48271-1-II;
Cons. with No. 48281-9-II

In a separate brief, S.Z. argues that the trial court erred by (2) finding that A.W. was improperly served the petition for nonparental custody of S.W.C. and E.W., (3) dismissing the nonparental custody decree as it pertained to A.T. without her filing a petition for modification, and (4) denying S.Z.'s motion for revision.

We hold that because a court order is required to overcome the presumption of paternity under RCW 26.26.116, A.W. had standing to challenge the nonparental custody order in its entirety. We also hold that A.W. was improperly served with the petition for nonparental custody, and the superior court did not err by dismissing the nonparental custody decree and petition or by denying S.Z.'s motion for revision. Consequently, we affirm.

FACTS

A.T. is the mother of E.W. and S.W.C., who were born in September 2005, and November 2009, respectively. A.W. is listed as the father on E.W.'s birth certificate. A.W. and A.T. married shortly after E.W.'s birth. However, at the time of S.W.C.'s birth, A.W. and A.T. had separated, and S.W.C.'s birth certificate does not name a father.

Around July 6, 2013, A.T., who was coping with a drug addiction and an abusive boyfriend, placed the children with family friends, M.Z. and S.Z. On August 9, 2013, M.Z. and S.Z. filed nonparental custody petitions for both children under RCW 26.10.030. The petitions listed A.W. as the father of E.W. and John Doe as the father of S.W.C. A.T. eventually joined the noncustodial parenting agreement.[2]

---

[2] A contested hearing on the petition for nonparental custody was held on April 17, 2014. At the conclusion of that hearing, the trial court issued a temporary custody order leaving the children with M.Z. and S.Z., but continued the trial for four months in order to further determine A.T.'s parental fitness. The parties reached a settlement agreement, and on August 15, 2014, the trial court entered a nonparental custody decree in favor of M.Z. and S.Z. A.T. later claimed to

2

From the time the children came into their care, M.Z. and S.Z. were in contact with A.W. via Facebook messaging, over the phone, and through text messaging. On August 7, 2013, two days before M.Z. and S.Z. filed the nonparental custody petitions, A.W. made it clear to M.Z and S.Z. that he opposed their having custody of the children. According to A.W., he spoke with M.Z. and S.Z. on the phone shortly following their Facebook conversation and told them his address in Eugene, Oregon. On October 30, A.W. moved to a different address in Eugene, Oregon, and sent M.Z. and S.Z. a Facebook message telling them his updated address.

M.Z. and S.Z. apparently made no attempt to personally serve A.W. with the petitions for nonparental custody.[3] Instead, M.Z. and S.Z. obtained orders allowing service by publication on "John Doe" as to S.W.C. on September 16, and on A.W. as to E.W. on October 10.[4] In their declaration supporting service by publication, M.Z. and S.Z. stated only that A.W. lived in Eugene, Oregon.

On August 15, 2014, the trial court entered default judgments against A.W. and John Doe, and entered nonparental custody decrees awarding custody of the children to M.Z. and S.Z.[5] On February 12, 2015, the Department of Social Health Services (DSHS) filed dependency

---

withdraw her joinder to the decree, stating that she had not understood that the nonparental custody decree would be permanent.

[3] The record does not reflect, and M.Z. and S.Z. do not contend, that they attempted personal service on A.W.

[4] The orders allowing service by publication are not included in the record on appeal, but are referenced by the superior court during the hearing on A.W.'s motion to vacate.

[5] The order of default against A.W. and the nonparental custody decree pertaining to E.W. is not part of the record on appeal. However, it is clear from the record that both sets of default judgments and custody decrees were entered on August 15, 2014.

3

petitions for both the children as a result of multiple inquiries into physical abuse and neglect of the children by M.Z. and S.Z. Both children were then removed from M.Z.'s and S.Z.'s care and placed into foster homes.

On June 3, 2015, A.W. filed a motion to vacate the nonparental custody decree, arguing that he had not been properly served and therefore the court lacked the jurisdiction to enter the decree. On June 26, the superior court agreed, finding that M.Z. and S.Z. never properly served A.W. The superior court entered an order vacating the nonparental custody decree and all attendant orders.

A.T. then moved to dismiss the nonparental custody petition. M.Z. responded to A.T.'s motion, arguing that the superior court's order vacating the custodial decree applied only to A.W., and that A.T. remained bound by her joinder to the original decree. M.Z. also moved to amend both children's placement by placing E.W. with A.W. and S.W.C. with M.Z. The court held a hearing for clarification of whether the court's order vacating the nonparental custody decree applied to both A.T. and A.W. or just A.W.[6] The court clarified that the decree was vacated as to both A.W. and A.T. The court explained that without personal jurisdiction over A.W., it could not make the requisite findings under RCW 26.10.030, and therefore the entire decree was void.

On August 20, 2015, S.Z. moved for revision of the clarifying order. After a hearing on the motion, the court denied S.Z.'s motion to revise and dismissed the nonparental custody petitions without prejudice, explaining that if S.Z. wanted to move forward with the action he needed to refile and properly serve A.W.

_____

[6] The transcript of this hearing was not included in the record.

DSHS moved to dismiss S.Z. and M.Z. from the dependency proceedings because M.Z. and S.Z. were no longer the legal custodians of E.W. or S.W.C. The court granted the motion. On September 21, 2015, the superior court ordered both children be placed with A.T.

M.Z. and S.Z. appeal.

ANALYSIS

I. STANDING

M.Z. argues that the trial court erred when it vacated the nonparental custody decree pertaining to S.W.C. because A.W. did not have standing to challenge that portion of the decree because A.W. is not the biological father of S.W.C. She contends that the presumption of A.W.'s paternity under RCW 26.26.116 was overcome. We disagree.

Under Washington's Uniform Parentage Act of 2002, being married to the mother when a child is born gives rise to a presumption of paternity. RCW 26.26.116(1)(a). The presumption of parentage established under RCW 26.26.116(1)(a) can only be rebutted by a court order declaring nonparentage after receiving "clear, cogent, and convincing evidence." *In re Marriage of Thier*, 67 Wn. App. 940, 947, 841 P.2d 794 (1992). In the absence of an order declaring nonparentage, the presumed father is still the father of the child. *In re Marriage of Wendy M.*, 92 Wn. App. 430, 440, 962 P.2d 130 (1998).

A party has standing to pursue an action when he is within the zone of interests protected by a statute and has suffered an injury in fact. *In re Custody of S.R.*, 183 Wn. App. 803, 809, 334 P.3d 1190 (2014). RCW 26.10.030(2) requires that notice of a child custody proceeding "shall be given to the child's parent, guardian and custodian, who may appear and be heard and may file a responsive pleading." This statute puts the parents within the zone of interests for first

5

party standing. 183 Wn. App. at 810. Under the Uniform Parentage Act, a presumed parent is entitled to seek custody of their minor child on equal footing with the biological mother. *Thier*, 67 Wn. App. at 946-47.

A.W. and A.T. were married at the time S.W.C. was born, and no court order disestablishing A.W.'s paternity was ever entered. Therefore, under RCW 26.26.116(1)(a), A.W. is the presumptive father of S.W.C. Nonetheless, M.Z. contends that the statutory presumption that A.W. is the father of S.W.C. was overcome by substantial evidence that A.W. is not S.W.C.'s biological father.

M.Z. relies on *In re Marriage of Akon*, 160 Wn. App. 48, 248 P.3d 94 (2011) to support his contention. However, *Akon* is not analogous to the facts of this case. In *Akon*, a stepfather argued that, under RCW 26.26.116(1)(d),[7] he was the presumed father of the children at issue. 160 Wn. App. at 61. Division Three of this court agreed that Akon was arguably a presumed father under the subsection. But, the *Akon* court recognized that a competing presumption existed that the former husband of Akon's wife was the children's father under RCW 26.26.116(1)(a). Only after noting the competing statutory presumptions did the trial court in

---

[7] RCW 26.26.116(1)(d) states that a person is presumed to be the parent of a child if:
   (d) After the birth of the child, the person and the mother or father of the child have married each other or entered into a domestic partnership with each other in apparent compliance with law, whether or not the marriage or domestic partnership is, or could be declared invalid, and the person voluntarily asserted parentage of the child, and:
      (i) The assertion is in a record filed with the state registrar of vital statistics;
      (ii) The person agreed to be and is named as the child's parent on the child's birth certificate; or
      (iii) The person promised in a record to support the child as his or her own.

*Akon* turn to testimonial evidence of biological fatherhood. Unlike in *Akon*, here there were no competing statutory presumptions that the trial court needed to decide between.

Furthermore, Washington courts have upheld the statutory presumption of paternity under RCW 26.26.116(1)(a) despite clear evidence disproving the presumptive parent as the biological parent. For instance, in *Wendy*, 92 Wn. App. at 440, Division One of this court held that even where a blood test conclusively demonstrates nonpaternity, in the absence of an order declaring nonparentage, the presumed father is still the father of the child. Here, the evidence of nonpaternity—a declaration explaining that A.T. told A.W. he was not the biological father of S.W.C.—is far less compelling than a conclusive blood test. We decline M.Z. and S.Z.'s invitation to deviate from the abundance of authority requiring a court order to overcome the presumption of parenthood.

Because A.W. remains the presumed father of S.W.C., the trial court did not err by finding that A.W. had standing to challenge the entire nonparental custody decree.

## II. IMPROPER SERVICE

S.Z. argues that the trial court erred by finding that A.W. was not properly served the nonparental custody petition. We disagree.

Under CR 60(b), a trial court "may relieve a party . . . from a final judgment, order, or proceeding" under certain conditions. Generally, a decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's sound discretion and will not be disturbed unless the trial court exercised its discretion on untenable grounds or for untenable reasons. *In re Marriage of Hughes*, 128 Wn. App. 650, 657, 116 P.3d 1042 (2005). However, courts have a

mandatory, nondiscretionary duty to grant relief from void judgments. *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

"A default judgment entered without personal jurisdiction is void." *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 447, 332 P.3d 991 (2014). "'Proper service of the summons and complaint is essential to invoke personal jurisdiction.'" *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014) (internal quotation marks omitted) (quoting *Morris v. Palouse River & Coulee City R.R.,* 149 Wn. App. 366, 370-71, 203 P.3d 1069 (2009)). Because courts have a mandatory, nondiscretionary duty to vacate void judgments, we review de novo the trial court's decision to grant a CR 60(b) motion to vacate a default judgment for failure to comply with the requirements for service of process. *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).

Service by means other than personal service, such as by publication, is authorized only by statute. RCW 4.28.100 authorizes service by publication in limited circumstances. The statute provides:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein . . . the service may be made by publication of the summons . . . in any of the following cases:
> . . . .
> (5) When the action is for nonparental custody under chapter 26.10 RCW and the child is in the physical custody of the petitioner.

RCW 4.28.100.

Because service by publication is "in derogation of the common law," a party must strictly comply with the statute authorizing service by publication. *Rodriquez v. James-Jackson*, 127 Wn. App. 139, 143, 111 P.3d 271 (2005). The issue before a court on a postjudgment CR

60(b) motion is not simply whether the affidavit required by RCW 4.28.100 is sufficient, but whether the petitioner, in fact, made an honest and reasonable effort to locate the respondent before seeking service by publication. *Brennan v. Hurt*, 59 Wn. App. 315, 319, 796 P.2d 786 (1990). To perfect service by publication, a petitioner must do more than state that she does not know the respondent's whereabouts, or that she undertook efforts to ascertain the respondent's residence; the plaintiff must identify steps undertaken to serve the defendant personally. *Bruff v. Main*, 87 Wn. App. 609, 612, 943 P.2d 295 (1997).

Here the declaration submitted by M.Z. supporting the motion for service by publication stated only that A.W. "resides in Eugene, Oregon." Clerk's Papers at 499. The declaration failed to describe or claim any due diligence in searching for or obtaining personal service on A.W. The declaration is deficient because it does not set forth facts showing a reasonably diligent search. *Dobbins*, 88 Wn. App. at 872-73.

Furthermore, the record shows that M.Z. and S.Z. had information that could have reasonably been used to personally serve A.W. A.W. contends that he gave his original address to M.Z. and S.Z. over the phone, and the record supports that M.Z and S.Z. were in frequent communication with A.W. via Facebook and over the phone. When A.W. moved in October 2013, he communicated his new address to M.Z. and S.Z. and filed a change of address with the postal service. At a minimum, due diligence would require that personal service be attempted at either of the Eugene addresses provided by A.W. and that a copy of the petition be mailed to A.W. at that address if personal service could not be effected there. *See Dobbins*, 88 Wn. App. at 873. Under these circumstances, the information provided to the trial court does not establish an honest and reasonable effort to personally serve A.W.

We hold that the trial court properly determined it did not have jurisdiction over A.W. because M.Z. and S.Z. failed to make an honest and reasonable effort to locate A.W. before seeking service by publication. Therefore the trial court did not err by vacating the nonparental custody decree as void.

### III. DISMISSAL OF CUSTODY PETITION AND ORDER

S.Z. argues that the superior court erred by dismissing the nonparental custody petition in its entirety without A.T. first filing a petition for modification of the final decree. S.Z. contends that the vacation of the judgment of default against A.W. based on his improper service only opened the door for A.W. to respond to the petition for nonparental custody and did not invalidate the decree as it pertained to A.T. S.Z. argues that because the decree remained valid against A.T., her exclusive avenue for modification or dismissal of the decree was to file a petition for modification. Because the decree was void, and therefore A.T.'s petition for modification of the decree would have been meaningless, we disagree.

To enter a nonparental custody decree under RCW 26.10.030, the family court must first find either that the child is not in the physical custody of one of its legal parents or that no legal parent is a suitable custodian. RCW 26.10.032. Contrary to S.Z.'s contention, the findings as to all legal parents are inseparable; if the child is within the physical custody of *any* legal parent or if *any* legal parent is a suitable custodian, the petition must be denied. Nonparental custody decrees are not entered as to each *parent*, but rather as to each *child*.

As previously discussed, the family court never obtained jurisdiction over A.W., and as a result, the court was unable to make the required findings before entering a final nonparental custody decree. Without the requisite findings as to all legal parents, the nonparental custody

10

decree entered by the court was void, and therefore the court's vacation of the decree in its entirety was appropriate; A.T. was not required to file a petition for modification.

## IV. DENIAL OF MOTION FOR REVISION

S.Z. also argues that the superior court erred by denying S.Z.'s motion for revision. S.Z. argues that by proving that the child was not in the physical custody of A.T. that S.Z. carried his burden to show adequate cause to proceed to a hearing on the nonparental custody petition. We reject S.Z.'s argument for two reasons. First, it fails to recognize the full impact of the fatal flaw of not properly serving A.W. Second, it misunderstands the burden on a petitioner for nonparental custody to prove adequate cause.

Because a nonparental custody petition necessarily implicates the parent's fundamental right, we afford a parent considerable deference when balancing the parent's rights against both the interests of third parties and children's rights. *In re Custody of J.E.*, 189 Wn. App. 175, 183, 356 P.3d 233 (2015). RCW 26.10.032 requires a petitioner seeking a nonparental custody order to submit an affidavit declaring that the child is not in the physical custody of any of his legal parents or that neither parent is a suitable custodian. *In re Custody of E.A.T.W.*, 168 Wn.2d 335, 344, 227 P.3d 1284 (2010).

In addition to proving that the child is not in the physical custody of one of his parents or that neither parent is a suitable custodian, the nonparent must also set forth sufficient facts supporting the custody order. 168 Wn.2d at 344. The superior court may issue a nonparental custody order only if the court finds that the parents are unfit or placement with a parent would result in actual detriment to the child's growth and development. 168 Wn.2d at 344. The

11

superior court must deny the nonparent's petition if it does not find adequate cause for hearing the petition based on the affidavits. 168 Wn.2d at 345.

As previously discussed, the court never acquired personal jurisdiction over A.W. Without jurisdiction over A.W., the court could not validly enter findings as to whether A.W. was an unfit parent or whether placement with A.W. would result in actual detriment to the children's growth and development. As the superior court properly explained, "to just simply make an allegation that one of the parents doesn't have physical custody makes absolutely no sense since you could have one parent who doesn't have custody and be a totally fit parent. Thus . . . you have to show that both parents are unfit."[8] Verbatim Report of Proceedings (VRP) at 27. As a result of S.Z.'s failure to properly serve A.W., the superior court was unable to determine whether S.Z. carried his burden of showing adequate cause. Therefore, the court's decision to dismiss the nonparental custody petition without prejudice was not error.

Furthermore, S.Z.'s argument misunderstands his burden to prove adequate cause under RCW 26.10.032. In arguing that he showed adequate cause, S.Z. relies exclusively on *In re Custody of B.J.B.*, 146 Wn. App. 1, 9, 189 P.3d 800 (2008) (the fact that the parties agreed the children were not in the custody of either parent gave rise to an undisputed basis to find adequate cause under RCW 26.10.032). However, *B.J.B.* was abrogated by our Supreme Court in *E.A.T.W.*, 168 Wn.2d at 348. There our Supreme Court explained, "[M]erely setting forth facts that the child is not in the custody of a parent is not sufficient to provide adequate cause for a hearing." 168 Wn.2d at 345. The Supreme Court concluded:

---

[8] S.Z. argues that the court erred by interpreting adequate cause to require that the child is not in the custody of a parent *and* that neither parent is a suitable custodian. S.Z. appears to misunderstand the court's emphasis on the total absence of findings as to A.W.

No. 48271-1-II;
Cons. with No. 48281-9-II

> RCW 26.10.032 requires a superior court judge to deny a motion for a hearing on
> a third party custody order unless the nonparent submits an affidavit (1) declaring
> that the child is not in the physical custody of one of its parents or that neither parent
> is a suitable custodian *and* (2) setting forth facts supporting the requested custody
> order. The facts supporting the requested custody order must show that the parent
> is unfit or that placing the child with the parent would result in actual detriment to
> the child's growth and development.

168 Wn.2d at 348 (emphasis in original).

Because S.Z. failed to show adequate cause to support his nonparental custody petition,

the superior court did not err by dismissing the petition.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Melnick, J.

13